# Stroud *v.* The State.

### Indictment for Carrying Concealed Weapons.

1. *Return to certiorari to complete transcript.*—In making out a transcript in return to a *certiorari* from this court, it is the duty of the clerk to confine himself to the omissions or defects specially pointed out in the *certiorari*, and he has no authority to make alterations in other parts of the transcript, to which no objection was here made.

2. *Exception to charge; when sufficient in certainty.*—An exception which is not presented with reasonable certainty, will not be entertained; an exception "to the latter portion of said charge," when the charge consists of several sentences, or "to so much of the charge as commences with the words, 'if the jury believe,' on the fourth line from the bottom of the preceding page," is wanting in certainty and definiteness.

3. *Carrying concealed weapons; exception as to self-defense.*—If a person carries concealed weapons for the purpose of offense, intending to make or provoke an attack, he can not justify on the ground of self-defense (Rev. Code, § 3555), although he may have been threatened with, or may have good reason to apprehend an attack.

FROM the Circuit Court of Choctaw.
Tried before the Hon. LUTHER R. SMITH.

W. F. GLOVER, for the defendant.

JOHN W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—On a former day of the term, the

[Stroud v. The State.]

Attorney-General applied for and obtained a *certiorari*, returnable *instanter*, for a more perfect transcript of the record. The deficiency of which complaint was made, was the omission of the caption of the minutes of the Circuit Court, showing when and where the court was held, at the term at which the indictment was found, and the organization of the grand jury; and also the omission of the caption of the minutes at the term at which the conviction was had. The original transcript purported to set out a full, true, and correct copy of the bill of exceptions. and no suggestion was, or has been made, that it was in any respect incorrect. In answer to the *certiorari*, a full and complete transcript has been returned, curing the defects to which the Attorney-General directed attention, and purporting to embody a correct copy of the bill of exceptions. There is a manifest variance between the bill of exceptions as found in the two transcripts—one or the other is incorrect. The bill of exceptions, as found in the original transcript, recites the charge given by the court of its own motion, and states: "To the latter portion of said charge, the defendant, by his counsel, excepted." The charges given by the court, at the request of the defendant, are then stated, and the bill of exceptions proceeds: "To so much of the charge as commences with the words, 'but, if the jury believe,' on the fourth line from the bottom of the preceding page, the defendant, by his counsel, then and there excepted." The bill of exceptions, as found in the transcript returned on *certiorari*, sets out the charge given by the court, *ex mero motu*, and then states: "To so much of the charge as commences with the words, 'if the jury believe,' on the fourth line from the bottom of the preceding page, the defendant, by his counsel, then and there excepted. To the latter portion of said charge, the defendant, by his counsel, excepted." The charges given at the request of the defendant are then set out, as in the bill of exceptions found in the first transcript.

We deem it proper to say, it is the duty of clerks correctly to transcribe bills of exceptions, as they are of file. They can not be changed, in form, or structure, or in language. If the bill of exceptions, as it is of file, conformed to the bill found in the first transcript, stating, after the general charge of the court, the exception, "To the latter portion of said charge, the defendant, by his counsel, excepted;" then stating the charges given at the request of the defendant, and then reciting the remaining exception, it was the duty of the clerk so to transcribe it in the record sent up on *certiorari*. If the bill of exceptions set out in the first transcript did not conform to the bill as it is of file, suggestion of the fact

[Stroud v. The State.]

should have been made to this court, and a *certiorari* obtained for a true and correct copy of the bill.   The clerk was without authority to make the amendment or correction.

2. Exceptions can not be entertained, unless presented with reasonable certainty.   These exceptions are too vague and indefinite, and do not with reasonable certainty point out the parts of the charge against which they are directed. Take the first exception: " to the latter portion of said charge the defendant, by his counsel, excepted ;" what part of the charge is embraced by it?   Is it the last sentence, or the last paragraph?   As the charge is found in the transcript, it is divided into two paragraphs, the first of which consists of several sentences, and the second of two.   The first of these is a mere statement of the proposition the counsel for the defendant had submitted.   To this proposition the court assents, but affirms, in answer to it, that a party provoking an assault, can not justify on the ground of self-defense.   If we regard the exception as referring to the entire paragraph, or only to the last sentence, there is no error in it of which the appellant can complain.   If the charge was abstract—if no question of the right of self-defense was involved, the argument of defendant's counsel invited the charge, and the defendant can not complain that it did not pertain to the case.

The other exception is of greater uncertainty.   The part of the charge to which it refers can not be ascertained, unless the clerk should so frame the transcript that the *fourth line of the page,* preceding the exception, should contain the words of the charge quoted in the exception.   The duty of rendering the exception certain, can not be delegated to the clerk, nor made to depend on his discretion in making up the record.

3. As we understand the charge of the court, it is not erroneous.   If the defendant carried the pistol concealed, not because he had been threatened with, or apprehended an attack, but with the view of using it in an attack he intended to make, or a difficulty he intended to provoke, he can not relieve himself, because he may have been threatened with, or had good reason to apprehend an attack.   The motive, the purpose of carrying the weapon, must have been defense against violence which has been threatened, or which is reasonably apprehended.   If this is not the motive—if offense, not defense, is the real purpose ; though facts may exist, which would justify the carrying the weapon concealed, the statute is violated.   Otherwise its purpose, to avoid interfering with the right to stand ready for defense, against all apprended attack, will be defeated, and it will become

[Campbell v. The State.]

the shield of preparation for the gratification of malice and revenge.

There is no error in the record, and the judgment must be affirmed.