# Collier *v.* The State.

### Indictment for Carrying Concealed Weapons.

1. *Threatened or apprehended attack.*—Under the statute prohibiting the carrying of concealed weapons (Code, § 4109), since amended (Sess. Acts 1880–81, p. 38), the exception in favor of a person "being threatened with, or having good reason to apprehend an attack," was construed to justify the carrying of such weapons as a means of defense only against such threatened or apprehended attack, and not as a means of offense by a person who intended to provoke an attack, though he had been threatened; but, to make out this justification, it was sufficient for the defendant to show such threats or apprehended attack, and he was not required to negative an offensive purpose or intention on his part.

FROM the Circuit Court of Russell.

Tried before the Hon. H. D. CLAYTON.

The defendant in this case was indicted for carrying a pistol concealed about his person. "On the trial," as the bill of exceptions states, "there was proof by one Abe Wooten tending to show that, in the winter of 1880–81, the defendant carried a pistol concealed in his pocket; that said Abe Wooten had stated to two persons, at different times, shortly before defendant was seen with the pistol, that he would kill the defendant if he was the last man on earth; and that these threats had been communicated to the defendant before he was seen with the pistol. There was some proof, also, tending to show that, between the time of making the threat and the time when defendant was seen with the pistol, Abe Wooten had been to the defendant's house. This was all the proof. The court then charged the jury, among other things, that although the defendant might have been threatened, and might have had good reason to apprehend an attack; yet, if they believed from the evidence that the defendant carried the pistol concealed about his person, he would be guilty, unless they further believed that he did so in consequence of said threat, or apprehended attack, and he carried it for the purpose of defense and not offense.

[Collier v. The State.]

The defendant excepted to this charge, and then requested the court, in writing, to charge the jury, that if they believed the defendant, at the time of this alleged offense, had good reason to apprehend an attack, he was not guilty;" also, " that if they believed the defendant, a short time before this alleged offense, had been seriously threatened, he is not guilty." The court refused each of these charges, and the defendant excepted to their refusal.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The present indictment was found at the Spring term, 1881. The record fails to show the precise date when the offense was committed. We suppose it was before section 4109 of the Code was amended—February 19th, 1881.—Pamph. Acts, 38. The rulings in the case lead to this conclusion. Under this section, before the amendment, a person threatened with, or having good reason to apprehend an attack, could carry a pistol concealed about his person. Construing this statute, we have held, and still hold, that the purpose of this provision was, that the person thus menaced might, carry such weapon as a means of defense, but not of offense. It furnished no excuse for a defendant who intended to provoke, or bring on a difficulty.—Stroud v. The State, 55 Ala. 77; Shorter v. The State, 63 Ala. 129. We have no wish to impair or weaken this wholesome doctrine.

The present record informs us it contains all the evidence. It plainly proves the pistol was carried concealed, and the proof is equally clear that the defendant's life had been recently threatened, and he had been notified of it. There was no proof whether the pistol was carried for offense or defense, and nothing stated which sheds any light on this question. True, the record says, "there was some proof tending to show that, between the time of making the threat, and the time defendant was seen with the pistol, Abe Wooten (the man who had made the threats) had been to defendant's house." Whether this visit was peaceful, or the contrary, and whether defendant was then at home, we are not informed. This statement, made as it is, signifies nothing. If there was a social visit, and a friendly interview, after the alleged threat was made, this would tend to show a reconciliation, and that the defendant had no need of his pistol as a defensive precaution. On the other hand, if the visit was when the defendant was from home, or was characterized by no friendly demonstrations, it might have the very opposite significance. We regret the silence of the record on the

character of the visit, but must deal with the record as we find it. As we have said, it affirms it contains all the evidence.

Charges should be so moulded and shaped, as to meet and elucidate the tendencies of the testimony. A charge, unexceptionable as a legal truism, if it pretermit qualifying tendencies of the testimony, or be based on qualifying facts or circumstances of which there is no testimony, always tends to mislead and confuse, and should not be given. Facts may be so stated as to convey a false impression, and it is but the learning of the books, that representations, like promises, are to be interpreted in the sense in which the speaker intends they shall be understood. The court charged the jury, " that, although the defendant might have been threatened, and might have had good reason to apprehend an attack; yet, if they believed from the evidence that the defendant carried the pistol concealed about his person, he would be guilty, unless they further believed that he did so in consequence of said threat, or apprehended attack, and he carried it for the purpose of defense and not offense." A paraphrase of this charge would be, that if the State has shown the defendant carried a pistol concealed about his person, then the duty would be shifted to the defendant, to satisfy the jury, not only that he had been threatened with an attack, but that he carried the pistol to defend against such attack; in other words, to prove negatively that it was not his purpose to provoke or bring on the attack. This laid the burden too heavily on the defendant. It was enough for him to show he had been threatened with, or had just grounds to apprehend an attack. If, however, it appeared from the evidence, or by reasonable inference therefrom, that the defendant was in no danger of such attack—that the intention to make it had been abandoned, as shown by the after conduct of the person making the threat, brought home to the knowledge of defendant—or that the pistol or other weapon was carried to be used offensively, then the statute would furnish the defendant no excuse, and the jury should be so instructed. This, however, is in the nature of rebutting, criminating evidence, and the burden of proving its non-existence does not rest on the defendant. In the absence of such proof, either separately made, or springing out of the testimony in the cause, it was, under the former statute, a full answer to such indictment, if the defendant convinced the jury that he had been threatened with, or had good reason to apprehend an attack. So, the two charges asked ought to have been given, under the testimony shown in this record.

Reversed and remanded. Let the defendant remain in custody, until discharged by due course of law.