# Lacey *v.* The State.

*Throwing Rocks at Passenger Train.*

(Decided Feb. 6, 1908. 45 South. 680.)

1. *Appeal; Record; Pleading; Things Reviewable.*—Where the demurrer to the indictment is not set out in the record the overruling of such demurrer will not be reviewed on appeal.

2. *Trial; Instructions Ignoring Evidence.*—A charge asserting that if the facts no matter how strong, can be reconciled with the theory that another may have committed the crime, defendant should be acquitted, is properly refused where there was evidence in the case from which a conspiracy to commit the crime might be inferred.

3. *Same.*—Charges asserting that the evidence, in order to warrant a conviction, must show beyond a reasonable doubt that defendant was the person who threw the missile at or into the railroad train, are properly refused where there is evidence from which a conspiracy to commit the crime of throwing a rock into the train might be inferred.

4. *Same; Argumentative Instructions.*—A charge asserting that before accused can be convicted the evidence must be such as would cause a reasonable and prudent man to hesitate and pause in the graver transactions of life, is argumentative and properly refused.

5. *Same; Unintelligible Instructions.*—A charge is unintelligible and properly refused that asserts that if the jury believe from the evidence in the case they will find for the defendant.

5 R

6. *Appeal; Oral Charge; Exceptions Thereto; Review.*—Where the oral charge as a whole is not bad, an exception taken to the charge as a whole is unavailing on review.

7. *Trial; Conduct of Counsel; Argument.*—The evidence examined and held sufficient to warrant an argument of state's counsel of the existence of a conspiracy between accused and the other person to throw rocks at the train.

APPEAL from Gadsden City Court.

Heard before Hon. ALTO V. LEE.

Thomas Lacy was convicted of wantonly or maliciously throwing a missile calculated to produce death or great bodily harm at or into a passenger car forming a part of the railroad train, towit, a passenger car of the Alabama Great Southern Railroad Company, a corporation. From this conviction, and a sentence to the penitentiary of five years, the defendant appeals. Affirmed.

Demurrers were sustained to the first and second counts, and overruled to the third count the substance of which is above set out. The demurrers are not set out in the record. The defendant was put to trial upon the third count. The evidence for the state tended to show that, as the Alabama Great Southern train was pulling out from Attalla in the direction of Birmingham, a rock or other missile was thrown, striking the window of the diner attached to the train, shattering the glass; that the rock and glass were picked up together on the platform, where it had fallen from the diner, and was introduced in evidence and identified. It was further shown that the depot and platform were well lighted up, and that no one was seen near the train or visible on the platform; that the rock came from the west end of the depot, and a witness testified that just after the crash was heard he walked to near the west end of the depot, and looked down the platform running along the west end of the depot, and saw two negroes standing there, one with a rock in his hand as if in the act of throwing, and the other standing close by with his mouth close to

[Lacey v. The State.]

the ear of the negro who had the rock, and they both were talking; that as soon as they discovered witness they turned and walked off in the dark and were apprehended. Evidence further tended to show that they ate together that night, etc.

The bill of exceptions, recites that Mr. Goodhue, of counsel for the state, in his opening argument said, among other things: "Our position with reference to this case, gentlemen of the jury, is this: Here were two negro men standing out there on the west end of the platform of the depot. One of them had a rock in his hand, just as if in the act of throwing it. The other one was standing close to him, with his mouth near the ear of the other one, as in close conversation. If, after you have weighed all this evidence, you should reach the conclusion that these negroes were there for the purpose of rocking this train, that they were agreed as to what they were to do, and that one aided, counseled, or abetted and encouraged the other to throw the rock, although he did not actually throw one himself, but the other man under such circumstances threw a rock, then we say it makes no difference which one actually threw the rock. Under such circumstances we would not care a hill of beans. Both would be equally guilty." The bill of exceptions further recites that, when the attorney for the defendant heard Mr. Goodhue say he did not care a hill of beans which one threw the rock, he then objected to the whole of the argument. The court asked the attorney for the state what had been said, and Mr. Goodhue replied substantially as above and the court overruled the objection. After the exception of the defendant to the argument of Mr. Goodhue, Mr. Goodhue proceeded, and at some length made plain the contention of the state to the effect that the evidence warranted the conclusion that both negroes were on the platform at the west end of the

depot and for the purpose of rocking the train; that the fact that one had a rock, as if about to throw it, and that they were talking to each other when seen, and both walked off together, and neither gave the other away, it being conclusively shown that the rock came from that direction, along with all the other evidence in the case, pointed to the fact that they were conspirators. The defendant objected to the entire argument, which objection was overruled.

· In its oral charge to the jury the court said: "If the jury should, after considering all the evidence in the case, believe beyond a reasonable doubt that the defendant and another man had taken their position on the platform under an agreement or understanding between them that they would rock the train, and that only one rock was thrown at the train, and that said rock or missile did hit the window of the dining car, which was a part of the passenger train of the Alabama Great Southern Railroad Company, and that said rock or missile was thrown by one of these men maliciously or wantonly, and was of such size and character as was calculated to produce death or great bodily harm, and that at the time same was thrown, and before, one party was counseling aiding, abetting, or encouraging the other to throw the rock or missile, and you should further find beyond a reasonable doubt that the car against which the missile was alleged to have been thrown was at the time a part of a passenger train of the railroad company as alleged in the indictment, and that the act was done in Etowah county, Alabama, within one year before the finding of the indictment, and that the car against which the rock was alleged to have been thrown was a car in which passengers were wont to ride, and was a part of said passenger train, then, gentlemen, it would make no difference which of the men threw the rock, as both

[Lacey v. The State.]

would be guilty participants. Under such circumstan-
ces it would not devolve on the state to show which of
the men actually threw the rock." The defendant excep-
ted to this portion of the oral charge. The court, further
charging the jury, said "that there was no such thing
under our law as accessories before the fact in felony
cases; that all guilty participants, aiders or abettors in
the commission of felonies, are treated and punished as
principals."

The court refused the following charges to the defend-
ant: (1) The affirmative charge. (6) "The court in-
structs the jury that if the facts, no matter how strong,
can be reconciled with the theory that another may have
committed the crime, the accused should be acquitted."
(12) "It matters not how strong the circumstances may
be, if under all the evidence the jury believe beyond a
reasonable doubt that defendant committed the crime
charged in the indictment they must acquit the defend-
ant." (13) "It matters not how strong the circum-
stances may be, if under all the evidence the jury believe
beyond a reasonable doubt defendant committed the
crime charged in the indictment, they must acquit him."
(18) "Before you can convict the defendant, the evi-
dence must be such as would cause a reasonable and pru-
dent man to hesitate and pause in the graver transac-
tions of life." (19) "If you believe from the evidence in
this case you will find for the defendant." (20) "The ev-
idence in this case must show that the defendant beyond
a reasonable doubt was the person who threw the missile
at or into the said railroad train." (21) "The evidence
must show beyond a reasonable doubt that the defend-
ant, and no other, was the one that threw the rock or
missile or rock thrown at." (22) "The court charges
the jury you cannot convict the defendant, unless you
believe beyond a reasonable doubt that the defendant is

the identical person who threw the rock or missile at or into the passenger car of the Alabama Great Southern Railroad Company."

· CATO D. GLOVER, for appellant. No brief came to the Reporter.

ALEXANDER M. GARBER, Attorney General, for the State. The argument of counsel for the state was fully authorized by the evidence.—*Bonner v. The State,* 100 Ala. 114; *Sankey v. The State,* 128 Ala. 51; *Buford v. The State,* 132 Ala. 6. There was evidence from which the jury might find that a conspiracy existed, and hence, charges 6, 20, 21 and 22 were properly refused.—*Bowen v. The State,* 140 Ala. 65. Charge 18 is an argument.— *Walker v. The State,* 139 Ala. 56.

DOWDELL, J.—The demurrer to the indictment is nowhere set out in the record. We cannot, therefore, consider the action of the trial court in overruling it. For aught that we can tell, the demurrer was general.—*McQueen v. State,* 138 Ala. 63, 35 South. 39.

There was evidence from which the jury were authorized to infer the existence of a conspiracy. Charges 6, 20, 21, and 22, requested by the defendant, and which were refused, ignored this phase of the evidence, and were therefore properly refused.—*Bowen v. State,* 140 Ala. 65, 37 South. 233.

On the conditions hypothesized in charges 12 and 13, requested by the defendant, the jury would have been authorized to convict the defendant, instead of acquit him.

Charge 18 was argumentative, and properly refused. —*Walker v. State,* 139 Ala. 56, 35 South. 1011.

Charge 19 is unintelligible.

[Stafford v. The State.]

An exception was taken to the oral charge of the court as a whole, and unless the charge as a whole is bad, which is not the case here, the exception is unavailing.

The evidence clearly warranted the argument of state's counsel to the jury, which was objected to by defendant.—*Buford v. State,* 132 Ala. 6, 31 South. 714; *Sankey v. State,* 128 Ala. 51, 29 South. 578; *Ex parte Bonner,* 100 Ala. 114, 14 South. 648.

Affirmed.

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.