# Maxwell *v.* The State.

*Violating Prohibition Law.*

(Decided Jan. 16, 191_. 57 South. 505.)

1. *Trial; Instructions; Exceptions.*—Unless the part excepted to was faulty as a whole, an exception to that part of the oral charge is not sustained.

2. *Same; Sufficiency.*—Where the court instructed the jury that the fact that one had testified that another was not of good char-

[Maxwell v. The State.]

acter and not worthy of belief on oath because he did not pay his debts would not justify the jury in disregarding his evidence until they had considered all the testimony, and that the fact that a man may not pay his debts is not conclusive that he is a man of bad character, but that the question whether he has sworn falsely is one for the jury, the charge is not defective as a whole although part of it may be violative of section 5362, Code 1907; hence, an exception to the charge as a whole is not well taken.

APPEAL from Anniston City Court.

Heard before Hon. A. H. ALSTON.

John Maxwell was convicted of selling intoxicating liquor, and he appeals. Affirmed.

The following is a part of the oral charge excepted to: "The fact that the three witnesses have come upon the stand and sworn that the witness Mason was not a man of good character, two swearing that they would not believe him upon his oath, and the other saying that he could not swear that, does not justify you in setting aside the testimony of the witness Mason until you have considered all of it in connection with all of the testimony that has been offered. Now, where do your considerations upon that line commence? It commences with the testimony that was offered to impeach him. What was the motive? And what was necessary, now, to impeach a man so that the jury would be justified in setting aside this testimony and not believing what he said? These witnesses testified to you that this man had not paid his debts; that he owed some debts around here. Well, I charge you that the fact that a man may not have paid his debts would not be proof conclusive that he was a man of bad character. The question for you to determine is whether or not he has sworn falsely in this case."

T. C. SENSEBAUGH, for appellant. The instructions of the court ex meru motu was error being directly upon the effect of the evidence.—Sec. 5362, Code 1907; *White v. The State,* 111 Ala. 92.

[Maxwell v. The State.]

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The
exception was to the part of the charge as a whole, and
hence, unless all of the charge was bad, the exception
is not sustained. Part of the charge was good, and
hence, the criticism of the other part if correct, did
not render the error a reversible one.

DE GRAFFENRIED, J.—When an exception is
taken to a part of an oral charge of a court, then, unless
the entire part of the charge to which the exception is
taken is faulty as a whole, the exception fails.—*Lacy v.
State,* 154 Ala. 65, 45 South. 680.

One sentence in the part of the oral charge to which
an exception was taken may be subject to criticism, and
it may be, as claimed by counsel for the defendant, that
it is vicious because it violates that provision of the
Code (section 5362) which prohibits a court, ex mero
motu, from charging the jury upon the effect of the ev-
idence.—*White v. State,* 111 Ala. 92, 21 South. 330.
The other parts of that portion of the oral charge to
which the exception was taken were not subject to that
or any other objection. The objection of the defendant
to the oral charge of the court was, therefore, not well
taken.

There is no error in the record, and the judgment of
the court below is affirmed.

Affirmed.