# Gratton *v.* The State.

## *Violating Prohibition Law.*

(Decided May 28, 1912. Rehearing denied June 19, 1912. 59 South. 183.)

1. *Intoxicating Liquors; Indictment; Sufficiency.*—An indictment charging that within twelve months before the finding of the indictment, the defendant sold spirituous, vinous or malt liquors without license and contrary to law, is sufficient to charge a violation of the general prohibition law.

2. *Same; Sale Without License.*—Under section 7353, and General Acts 1911, p. 269, an indictment charging that the defendant sold spirituous, vinous or malt liquors without a license and contrary to law, was sufficient to charge a violation of law, under which, as a result of an election held within one year, the sale of such liquor was licensed in that community.

3. *Indictment and Information; Time; Necessity of Alleging.*— Where the sale of intoxicating liquors without a license was a crime during the entire twelve months covered by the indictment, the rule requiring the date of the commission of the offense to be alleged when the law creating the only offense charged first became operative during the period covered by the indictment, does not apply.

[Gratton v. The State.]

4. *Intoxicating Liquors; Verdict; Separate Offenses.*—Where a defendant was charged with the sale of intoxicating liquors without a license, which, for part of the time covered by the indictment, was an offense under one statute, and the evidence tended to show his guilt under the law which was in effect at the time the indictment was found, a verdict of guilt is to be regarded as a finding of the offense denounced by the first statute.

5. *Same; Charges.*—Where the evidence tended to show defendant's connection with illegal sales of liquor by a third person, a charge asserting that if such third person sold the liquor defendant was not guilty, was properly refused.

6. *Charge of Court; Exceptions to.*—Where the charge is in part good, an exception to the whole charge is not sustained.

7. *Criminal Law; Parties; Principals; Accessories.*—Accessories are not recognized in misdemeanor cases, but all who are concerned in the commission of the offense are principals.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

John Gratton was convicted of a violation of the local option law, and he appeals. Affirmed.

The indictment charges that the defendant sold spirituous, vinous, or malt liquors without a license, and contrary to law. The oral charge excepted to was as follows: "If you find the defendant guilty under this indictment, it is for you to fix the punishment; that the court cannot add to it. This prosecution is brought under what is called the Smith Regulation Act, and section 34 of that act provides that for the first offense thereunder the defendant, upon conviction, shall be fined not less than $15 nor more than $500, and that is the only punishment provided for the first offense; and, if you find the defendant guilty, it is up to you to fix his punishment by fine within the limits fixed by law. Now, gentlemen, the main object of legal punishment is that it shall be such as will tend to deter others from committing a like offense; and, if you find this defendant guilty, the court would suggest that, in view of the frequent violations of this law, in the opinion of the court, it will be your duty to fix a substantial fine, such as, in

[Gratton v. The State.]

your judgment, will really deter others like-minded from committing the same offense."

Further charging the jury, the court said: "I charge you, gentlemen of the jury, that if you believe there was a conspiracy between this defendant and somebody else to go down to this picnic and sell spirituous, vinous, or malt liquors, and that this conspiracy was carried out by their going to the picnic, and either of the conspirators did there sell such liquors, you will find the defendant guilty, just the same as if he were engaged directly in the sale of such liquors."

The wrtiten charges requested by the defendant were, in effect, that if they believed that Paul Davis sold the whisky, and not the defendant, they must find the defendant not guilty; and also that, if they believed that the acts charged against the defendant were performed on or before July 29, 1911, they should find the defendant not guilty.

LETCHER, McCORD & HAROLD, for appellant. The demurrer to the indictment should have been sustained.— *Doyle v. The State,* 49 Ala. 28. It should have pointed out the specific time of the commission of the offense, as the time covered by the indictment, was under two different statutes.—*McIntyre v. The State,* 55 Ala. 167; *Bibb v. The State,* 83 Ala. 84; *Dentler v. The State,* 112 Ala. 17; *Glenn v. The State,* 48 South. 505; *Marks v. The State,* 48 South. 684; *Kelly v. The State,* 55 South. 141. This position is further strengthened by the fact that the punishments were different under the different statutes. The court's oral charge was erroneous.—*Jones v. the State* 120 Ala. 383.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The excep-

tion to the oral charge of the court is without merit. The entire part excepted to must be faulty, else the exception fails.—*Lacey v. State,* 154 Ala. 65; *Maxwell v. State,* 57 South. 505; *Pugh v. State,* Ala. App. Ms. It cannot be contended that the entire part of the charge excepted to is erroneous. The statement explaining the foundation of the prosecution is correct.—Acts 1911, p. 269, sec. 34. The court's charge on the subject of conspiracy was correct. All conspirators in commission of a misdemeanor are regarded as principals.—Code, sec. 6219; *English v. State,* 35 Ala. 428. The affirmative charges were properly refused, there being evidence from which the jury could infer the defendant's guilt. The remaining charges predicate a conviction only on the jury's finding the defendant a principal in the commission of the misdemeanor. An accessory is likewise guilty, and there was such evidence against the defendant.—Code, sec. 6219; *English v. State, supra.*

WALKER, P. J.—The indictment in this case was demurred to on the ground that "it charges no offense under the laws of Alabama." Its language was such as to make it a sufficient charge of a violation of the general prohibition law which was in effect in Montgomery county within 12 months before it was found.—*Scott v. State,* 3 Ala. App. 142, 57 South. 413. The same language was appropriate to charge a violation of the law under which, as the result of an election held within that period, the sale of spirituous, vinous, or malt liquors was permitted to be licensed in that county.— Code, § 7353; General Acts of Ala. 1911, pp. 249, 269, § 39.

As the act charged was a crime during the entire period which is to be understood as covered by the indictment—during part of that period under one statute,

and during the remainder of it under another statute—the rule requiring the date of the commission of the offense to be alleged when the law creating the only offense charged first became operative during the period covered by the indictment (*Kelly v. State,* 171 Ala. 44; 55 South. 141; *Marks v. State,* 159 Ala. 71, 48 South. 864, 133 Am. St. Rep. 20) does not apply, as the reason upon which that rule rests does not exist in such a case as the present one. It is not denied that the indictment was subject to demurrer, because of its failure to show for which of the two offenses covered by its averments it was intended to prosecute the defendant. But it was not upon any such ground that it was demurred to. We are not of opinion that it was subject to demurrer on the ground above quoted. The evidence offered against the defendant tended only to show his guilt of the offense charged under the law which was in effect at the time it was found, and the verdict finding him guilty is to be referred to the charge of an offense created by that law.

The exception to the portion of the court's oral charge to which the defendant first excepted cannot be sustained. There was no error in some of the propositions stated in that part of the charge. Unless the part of such a charge which is excepted to is faulty as a whole, the exception cannot be sustained.—*Maxwell v. State,* 3 Ala. App. 169, 57 South. 505.

The exception reserved to another part of the court's oral charge cannot be sustained. The expression excepted to was in effect but a statement of the rule, applicable to misdemeanors, that accessories are not recognized, but that all who are concerned in the commission of the offense are principals.—*English v. State,* 35 Ala. 428; 1 McClain on Criminal Law, § 210.

In view of the evidence tending to show a connection of the defendant with illegal sales of liquor by Paul Da-

[Faulk v. The State.]

vis, under propositions already stated, the court was justified in refusing to give each of the written charges requested in behalf of the defendant.

Affirmed.

## *Violating Prohibition Law.*

