# Jolley *v.* The State.

## *Fornication.*

(Decided May 28, 1912.  59 South. 710.)

1. *Fornication; Indictment; Sufficiency.*—An indictment against a man for fornication was not insufficient because it alleged. that the name of the woman was unknown.

2. *Same; Averment as to Time.*—An indictment for fornication, as a misdemeanor, was not subject to demurrer because it failed to allege that the offense was committed within the preceding twelve months.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Gabe Jolley was convicted of fornication, and he appeals. Affirmed.

EYSTER & EYSTER, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The only question in the record is the sufficiency of the indictment which avers that the name of one of the parties to the offense is unknown to the grand jury. The defendant could have taken advantage only by offering proof that the averment was incorrect; that the grand jury was, in fact, in possession of information which it avers as unknown.—*Duvall v. State,* 63 Ala. 12, 17; *Childress v. State,* 86 Ala. 77, 84; *Reese v. State,* 90 Ala. 624, 628; *Terry v. State,* 118 Ala. 79, 87; *Smith v. State,* 142 Ala. 14, 28.

DE GRAFFENRIED, J.—The indictment in this case charges that "Gabe Jolley, a man, whose Christian

name is to this grand jury otherwise unknown, and a woman, whose name is to the grand jury unknown, did live together in a state of fornication or adultery, against the peace and dignity," etc.  Because the grand jury does not know the name of one of the parties who are living together in a state of adultery is no reason why they should not indict the party whose name they do know from the evidence adduced before them, and it is evident that the indictment in this case, which follows the letter of the form prescribed in the Code, is sufficient.  If the grand jury *did* know the name of the woman, then the defendant could have developed that fact by evidence, and this the defendant failed to do.— *Smith v. State,* 142 Ala. 14, 39 South. 329; 6 Mayfield's Dig. p. 456, § 53.

While the state, to obtain a conviction of a misdemeanor, must prove to the satisfaction of the jury beyond a reasonable doubt that the defendant committed the offense within 12 months before the finding of the indictment or the commencement of the prosecution, indictments need not allege the time at which the misdemeanor was committed, or that it was committed within 12 months before the finding of the indictment or the commencement of the prosecution.—6 Mayfield's Dig. p. 453.  Sometimes *time* is a material ingredient of an offense, and when that is the case the time when the offense was committed, or that it was committed within a certain named period, should be stated in the indictment.  This latter rule is of limited application, and has no application to the question before us.—*McIntyre v. State,* 55 Ala. 167; *Glenn v. State,* 157 Ala. 12, 48 South. 864; *Kelly v. State,* 171 Ala. 44, 55 South. 141; *State v. John Gratton,* 4 Ala. App. 172, 59 South. 183.

[Witt v. The State.]

The indictment in this case was not demurrable because it failed to allege that the offense was committed within 12 months before the finding of the indictment. There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.