# Kirkwood *v.* The State.

## *Manslaughter.*

(Decided May 13, 1913.   Rehearing denied June 6, 1913.
62 South. 1011.)

1. *Appeal and Error; Exceptions; Necessity.*——Where the testimony of a witness given on a former trial was admitted, and no exception was taken to the court's ruling in admitting particular parts of such testimony, such rulings will not be reviewed on appeal, notwithstanding that the report of the testimony on the former trial, which was used in showing the former testimony of the witness, and which was made a part of the record, showed that exceptions were reserved on the former trial.

2. *Same; Exceptions Bad in Part.*—Exceptions to a portion of the oral charge of the court are not sustained where such portion contained one or more unobjectionable statements or propositions.

[Kirkwood v. The State.]

3. *Same; Harmless Error; Instructions.*—Where the jury fixed the period of imprisonment at two years, defendant was not injured by a charge as to the form of the verdict in the event that the jury should fix the punishment at imprisonment for more than two years.

4. *Charge of Court; Conformity to Evidence.*—In the absence of any evidence tending to show that deceased had made any threats against the defendant, instructions stating that defendant had the right to interpret the conduct of deceased in the light of any threats that the evidence showed deceased had made against defendant, were properly refused.

5. *Same; Invading Province of Jury.*—A charge stating no proposition of law, but merely stating that upon a certain hypothesis, defendant would be free from fault in bringing on the difficulty, was properly refused as invasive of the province of the jury.

6. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

7. *Same; Argumentative Instructions.*—Charges which contain no proposition of law, but are mere arguments based on hypothesis of fact, may be properly refused as argumentative.

8. *Homicide; Self-Defense.*—A charge on self-defense which is calculated to convey the impression that one was never under a duty to retreat beyond the confines of the town or village in which he resided, was properly refused since the law puts no such limitation on the duty to retreat to avoid taking the life of another.

9. *Same; Duty to Retreat; Withdrawing From Difficulty.*—A charge asserting that if one, after becoming involved in a difficulty, retreated therefrom, or went away from his adversary, and the difficulty terminated, and his adversary then renewed the difficulty without the fault of him who had retreated from the original difficulty, then the duty to retreat was not on such one if he was apparently in danger of death, could have been understood as meaning that one who was in danger of death in a former difficulty was under no duty to retreat when his adversary renewed the difficulty although he was then in no danger; hence, such a charge is properly refused as misleading.

APPEAL from Winston Circuit Court.

Heard before HON. C. C. NESMITH.

Will Kirkwood was convicted of manslaughter in the first degree, and his imprisonment fixed at two years, and he appeals. Affirmed.

The following charges were refused to defendant:

"(15) It is not necessary under the evidence in this case that defendant should have been actually in danger of death or great bodily harm at the time he killed Foster, or that retreat would really have increased his

peril, in order for him to have been justified in shooting Foster. He had the right to act on the appearance of things at that time, taken in the light of all the evidence, and he had the right to interpret the conduct of Foster in the light of any threats that the evidence proved Foster to have made against defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had the right to shoot Foster in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety; and if the jury believe that defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty was on the state, and, if not shown, the jury should acquit."

(14) Same as 15, except that the word "man" is omitted after the word "reasonable," and the following words put in its place: "Boy of ordinary mental capacity, seven years of age." "(16) If the jury believe from the evidence, at the time the difficulty arose which resulted in the death of Foster that the cause of the difficulty was the calling Kirkwood a vile name by Foster, and that these words provoked the difficulty, then Kirkwood would be free from fault in bringing on the difficulty.

"(17) While the law requires a man to retreat from a difficulty rather than kill his adversary, yet this doctrine does not demand that a man must retreat if it reasonably appears to him, and would appear to a man of ordinary intelligence situated as defendant was, that to retreat at the time of the fatal shot would have in-

creased his danger, if he was in danger or apparently in danger at the time."

"(2) There is in law what is known as the 'doctrine of retreat.' This doctrine does not mean, if a man has an adversary who is in the same town or village with him, that he must retreat or run away from the town or village. But if one is engaged in a difficulty with an adversary and he believes that he is in danger of death or great bodily harm, and a man of ordinary intelligence situated as he was at the time of the shooting would have reasonably believed himself to be in such danger, then it is not his duty to retreat, unless it reasonably appears to defendant, and would reasonably have appeared to a man of ordinary intelligence, that to have retreated could not have increased his danger."

"(20) If one after becoming involved in the difficulty retreats therefrom, or goes away from his adversary, and the difficulty terminates, and then his adversary renews the difficulty without the fault of one who has retreated from the original difficulty, then the duty to retreat is not on him, if defendant was apparently in danger of death.

"(A) The defendant in this case is not on trial for carrying a concealed pistol, or for selling or using whisky or beer, but he is on trial for manslaughter, under the indictment in this case, and the mere fact, if it be a fact, that Kirkwood had a pistol on the occasion of the shooting of Foster, or that he had drunk beer on that day, does not as a matter of law aggravate any offense with which he is charged in this indictment, nor justify a conviction, unless under the evidence you believe he is guilty beyond a reasonable doubt and to a moral certainty.

"(B) If you believe from the evidence that Kirkwood ran away from the place where he shot Foster because

of fear from the conduct of the witness Stevens, and not from a sense of guilt of having committed any offense at the time, then the mere fact that he ran away from the scene would not be a criminating circumstance against him."

JAMES J. RAY, and MAYHALL & STAGNER, for appellant. Charge 15 should have been given.—*Bluett v. The State*, 151 Ala. 41; s. c. 161 Ala. 15. On the same authority charges 14 and 17 should have been given. Charge 22 should have been given.—*Bluett Case, supra;* 117 Ala. 25; 107 Ala. 16; 94 Ala. 47; 88 Ala. 4. Charge B should have been given on the authority of *Allen v. State*, 148 Ala. 61. The court's oral charge was erroneous.—*Patterson's Case*, 146 Ala. 44; 155 Ala. 33; *Cleveland's Case*, 86 Ala. 10; *Ex parte Brown*, 65 Ala. 447. The court was in error in admitting evidence as to the former difficulty, as shown in the evidence of the witness Dye on a former trial.—*Bluett Case, supra; Patterson's Case, supra; Patterson's Case*, 156 Ala. 62; *Robinson v. State*, 155 Ala. 67.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Most of the questions presented were disposed of on former appeal in this case.—*Kirkwood v. State*, 3 Ala. App. 15. Some of each portion of the court's oral charge contained unobjectionable statements, and hence, the assignment of error is not sustained. The charges refused were either abstract, argumentative or misleading, and hence, properly refused.

WALKER, P. J.—Some of the questions presented may be disposed of by a reference to the rulings made when the case was in this court on a former appeal.— *Kirkwood v. State*, 3 Ala. App. 15, 57 South. 504.

[Kirkwood v. The State.]

On proof that one Tom Dye was out of the jurisdiction of the court, evidence of his testimony as it was given in a former trial of the case was admitted. It is contended for the appellant that parts of that testimony, which referred to a former difficulty between the deceased and the appellant, were improperly admitted. The bill of exceptions does not show that in the trial which resulted in the judgment now appealed from any exceptions were reserved to the rulings of the court in admitting such parts of that testimony. This being true, the action of the court in that regard is not presented for review. The report of the testimony of that witness on a former trial, which in the last trial was made use of in proving what he had formerly deposed to, showed the reservation in the former trial of exceptions, which the bill of exceptions, which is made a part of the record now under consideration, does not show were reserved on the last trial. The present appeal does not present for review such rulings made on the former trial, and excepted to only at that time.

We find no merit in other objections suggested to rulings on evidence made by the court.

The court did not err in the part of its oral charge to the jury, which stated the form of the verdict to be rendered in the event the jury should fix the punishment of the defendant at imprisonment for more than two years. Besides, the appellant is not in a position to complain of that part of the charge, as the proposition stated in it was rendered inapplicable by the action of the jury in fixing the period of imprisonment.

Neither of the other exceptions which were reserved to portions of the oral charge can be sustained, as each portion of the charge so excepted to contained one or more unobjectionable statements or propositions.

Though written charge 15, requested by the defendant, is substantially a copy of a charge which was approved in the case of *Bluett v. State,* 151 Ala. 41, 44 South. 84, it was properly refused in this case, as it was abstract in so far as it hypothesized the previous making by the deceased of threats against the defendant. There was no evidence tending to prove that the deceased had made threats against the defendant. The court's refusal to give written charge 14 is justifiable on the same ground.

Charge 16, refused to the defendant, stated no proposition of law, and was invasive of the province of the jury. It was properly refused.

Conceding that written charge 17 properly stated a proposition which the defendant was entitled to have given in charge to the jury, the proposition was one which was covered by other instructions given at the defendant's request, and he could not have been prejudiced by the court's refusal to repeat the proposition.

It is enough to justify the court's refusal to give written charge 22, requested by the defendant, that an expression contained in it was calculated to convey the impression that one is never under a duty to retreat beyond the confines of the town or village in which he resides. The law puts no such limitation upon one's duty to retreat to avoid taking the life of another.

The argumentative features in charges A and B, requested by the defendant, justified the court's refusal to give them.

Written charge 24, requested by the defendant, was so expressed that it might have been understood as asserting that one who was in danger of death in a former difficulty is under no duty to retreat when his adversary renews the difficulty, though he is in no danger when

[Watts v. The State.]

the difficulty is renewed. It was not error to refuse to give that charge.

We find no prejudicial error in the record.

Affirmed.

