# Dunn *v*. The State.

### *Violating Prohibition Law.*

(Decided May 20, 1913. 62 South. 379.)

1. *Intoxicating Liquors; Evidence; Quantity.*—Where the prosecution was for violating the prohibition law, it was proper to admit evidence that at the time defendant ordered the whisky, part of which was found in his store, he ordered 48 half pints.

2. *Same.*—Proof that defendant kept whisky in his home, not used exclusively for a dwelling made a prima facie case against him, under the express provision of Acts 1909, p. 81.

3. *Same; Jury Question.*—Where there was sufficient evidence to authorize the jury to find defendant guilty of the offense charged, the defendant was not entitled to the general affirmative charge.

4. *Charge of Court; Exceptions; Good in Part.*—Where the part of the oral charge excepted to was not faulty as a whole, an exception to the whole fails.

5. *Same; Undue Prominence to Particular Evidence.*—It is not error to refuse charges which give undue prominence to particular parts of the evidence, or which single out and call especial attention to a part of the evidence.

[Dunn v. The State.]

6. *Same; Covered by Those Given.*—It is not error to refuse instructions substantially covered by written charges given.

7. *Criminal Law; Sentence; Discretion.*—Where the trial judge did not exceed the authority given him by law as to the judgment and sentence imposed, his discretion in the matter will not be reviewed.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Earl Dunn was convicted of violating the prohibition law, and he appeals. Affirmed.

While the defendant was on the stand for himself, he was asked by the solicitor on cross-examination, "How much whisky did you get in the bunch that you got those 3 one-half pints from?" and the witness answered that he got a case with something like 48 pints in it. The evidence tended to show that the place where the whisky was found was not a dwelling.

The oral charge of the court, excepted to, is as follows: "If the state has proven that this defendant kept whisky there in his house, in a house not used exclusively for a dwelling, and it was found there, then it is sufficient evidence, without the introduction of anything further, upon which the jury may render a verdict of guilt. In other words, it is prima facie sufficient for the state to ask a conviction on. Of course, gentlemen, if there is evidence introduced explaining away their prima facie case, the jury have a right to consider it, and it is their duty to do it."

Further charging the jury, the court said: "The defendant is a competent witness for himself; the law being that the jury in weighing his evidence do so from the standpoint or viewpoint that he is the party interested, and that they weigh his evidence and consider it as such; give it such weight as the jury think it entitled to."

The following charges were refused to the defendant:

(2) "The fact that defendant had whisky in his place of business, if he had such whisky, is not sufficient within itself to authorize a conviction in this case."

(6) "The court charges the jury that the fact, if it be a fact, that Earl Dunn ordered 48 half pints of whisky during the month of January, 1912, is not evidence of the guilt of defendant, but is merely a circumstance to be considered in connection with the evidence in this case; and if the jury is not satisfied beyond a reasonable doubt that the particular whisky found on the premises of Earl Dunn was kept there for sale at the time the premises of said Dunn were searched, then the jury must acquit the defendant."

ERNEST LACY, for appellant. The court erred in its oral charge.—*Pearson v. State,* 99 Ala. 148. Although the evidence makes out a prima facie case, the court should not charge that defendant is guilty on that presumption alone even where no other evidence is offered by the other party.—*Compton v. State,* 110 Ala. 24; *Martin v. State,* 47 Ala. 564. Counsel discusses the other charges refused, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—There was no error in allowing the state to prove, against the defendant's objection, that at the time he ordered the whisky (a part of which was found in his store or stand) he ordered 48 half pints.—*Sadler v. State,* 165 Ala. 109, 51 South. 564.

That portion of the court's oral charge upon what constituted a prima facie case was a correct statement of the law.—Acts 1909, p. 81, § 12.

The excerpt from the oral charge of the court set out in the bill of exceptions, to which an exception was reserved, relating to the defendant's testifying as a witness in his own behalf, includes the statement that "the defendant is a competent witness for himself;" and, while the other part of the statement objected to might be construed so as to be considered as an invasion of the province of the jury in weighing the evidence, the defendant did not reserve an exception to the latter portion alone and point out the infirmity by making specific objection to that part violating the rule, but reserved an exception to a part of the oral charge including as a part of the portion objected to, a statement not subject to criticism. The objection was therefore not well taken; for, unless the entire part of the charge to which the exception is taken is faulty as a whole, the exception fails.—*Maxwell v. State,* 3 Ala. App. 169, 57 South. 505; *Lacey v. State,* 154 Ala. 65, 45 South. 680.

There was sufficient evidence upon which the jury could find the defendant guilty of the charge, and the general charge for the defendant was properly refused.

Conceding that the charge No. 2 was without any misleading tendency, the proposition of law embraced in it is covered by the charges given at the request of the defendant.

Charge No. 6 is not such a charge as the court can be put in error for refusing. It singles out and gives undue prominence to a part of the evidence, and is otherwise faulty. The correct propositions of law contained in it are covered by the given charges.

The argument that the judgment and sentence of the trial court was too severe is not open for our consideration, since the trial judge, in exercising the discretion reposed in him by law, did not exceed the authority·

25 CA

[Wallace v. The State.]

given him by law, and his discretion, thus exercised, is not reviewable.

We find no error in the record, and the judgment of conviction will be affirmed.

Affirmed.

*Violating Prohibition Law.*

