# Lane *v.* The State.

### Larceny from the Person.

(Decided January 20, 1916.   70 South. 982.)

1. **Charge of Court; Ignoring Evidence.**—Where there was evidence authorizing the inference that defendant was a guilty participant with others in a conspiracy to commit the offense charged, instructions asserting that unless the jury believe from the evidence that defendant took from the person of the robbed individual the pocket book in which was the money described in the indictment, they should not convict, but should acquit, ignored the possibilities that defendant, without having actually taken the money himself might have done so through another or others with whom he had conspired.

2. **Larceny; Conspiracy.**—Each co-conspirator to commit larceny from the person is guilty of the offense committed by one or more of the others when he acted with and assisted the others in carrying out their plans, whether he himself committed any overt act or not.

3. **Charge of Court; Incomplete.**—Charges asserting that unless the jury believe from the evidence that defendant took from the person of the individual robbed his pocket book "in which was the money described in the indictment" referred to the indictment for a description of the money and were not complete in themselves, and were properly refused.

4. **Trial; Argument of Counsel.**—Where the prosecution was for larceny from the person, it was not improper for state counsel in argument to refer to the matter of common knowledge that pickpockets infest places of general resort, such as hotels and depots, to snatch pocketbooks, such argument being based on the observation and experience of the jurors as men possessed of common knowledge; it being legitimate in argument to refer and appeal to common knowledge, ordinary observation and experience of jurors.

[Lane v. The State.]

5. **Same; Reasonable Doubt.**—The jury should convict unless, after considering all the evidence and giving it the weight they think it entitled to receive, they have an actual substantial doubt that defendant is guilty as charged.

6. **Larceny; Bar; Statute.**—A prosecution for larceny from the person is barred unless the crime was committed within three years next preceding the finding of the indictment.

7. **Same; Conspiracy; Jury Question.**—Under the evidence in this case the question as to a conspiracy between defendant and others to commit the larceny was for the jury.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WM. E. FORT.

Murry Lane, alias Harry Lane, was convicted of larceny from the person, and he appeals. Affirmed.

The evidence for the state tended to show that, as Chambers and his party were boarding a street car, there was a commotion and some shoving, and that defendant and two other men were present, and that defendant assisted in the shoving and scuffling, when some one reached into the pocket of Chambers and got his pocketbook. The witness could not say positively which one of the three men got it, but that it was one of the three, that he looked over his shoulder and saw the pocketbook changing hands from one to the other, and that defendant was the last man seen with it. Defendant started to run, when he was grabbed by the shoulder and accused of taking the book, which he denied, but jumped off the car and started to run along the street, and as he went to turn the corner he took the pocketbook out of his pocket and quietly slid it along the sidewalk. Chambers recovered his pocketbook, and in a few minutes defendant was arrested. The book contained $25 in money. The defendant requested the following written charges: (1) Unless the jury believe from the evidence that defendant took and carried away from the person of B. F. Chambers his pocketbook in which was the money described in the indictment, you cannot convict defendant under the indictment in this case.

(4) If you are not reasonably satisfied from the evidence that defendant took and carried away from the person of Ben F. Chambers the money described in the indictment, you should acquit defendant.

In addressing the jury the solicitor said: You men are of ordinary observation and experience and have a knowledge of

men and affairs. You are entitled to apply your experience and judgment to this occasion, and you know that around hotels and depots in a city like Birmingham strangers are likely to gather, and pickpockets likewise gather to watch their opportunity and snatch pocketbooks from unsuspecting people; that in such places they would probably work their trade; that they would ply their trade around the depots and hotels; and that this is where they would most always work.

Objection was interposed, and motion made to exclude this argument. In its oral charge to the jury the court said: If the jury, after having considered all the evidence, and giving it such weight as they think it is entitled to receive, seeking the truth, have left in their minds an actual substantial doubt that defendant is guilty as charged, then you should give him the benefit of the doubt and acquit him. On the contrary, if, after giving each portion such weight as you think it ought to receive, you are convinced of his guilt so that you have no such doubt left in your mind, you should convict him, provided you find it was committed within this county and within three years next preceding the finding of the indictment.

The defendant excepted to the last sentence, and also to the following portion of the court's oral charge: Now, the law says that all parties who are concerned in the commission of a felony, whether they directly commit the act constituting a felony, or aid and abet in its commission, are held in the eyes of the law to be equally guilty, so far as the question of guilt or innocence is concerned. For example, if two or more parties were jointly concerned in the carrying out of the larceny from a person, if two men entered into a common understanding, whether by previous arrangement or on the spur of the moment, and have a common understanding between them, and act together in the carrying out of that common agreement and understanding to commit such larceny, acting together and assisting each other in the carrying out of the plans, and larceny was committed by one of them, the act of the one would be held to be the act of the other. So that larceny, if committed by one person, would be the act of the other, provided they acted together in the carrying out of that larceny, with a common purpose, and after agreeing and understanding it together, and acting together.

[Lane v. The State.]

F. E. BLACKBURN, for appellant. W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

PELHAM, P. J.— (1-3) The two charges relied upon by the appellant's counsel in brief as correct propositions of law (numbered 1 and 4), and their refusal by the court as showing reversible error, each ignored that phase of the evidence from which the jury was authorized to infer that the defendant was a guilty participant with others in a conspiracy in the commission of the offense charged. There was evidence from which the jury could very reasonably have found that the defendant, without having actually taken the money himself, may have been in a conspiracy with another, or others, who did the actual taking of the money or pocketbook from the person of Chambers. The charges, ignoring, as they did, this phase of the evidence, were properly refused (*Lacey v. State*, 154 Ala. 65, 45 South. 680; *Bowen v. State*, 140 Ala. 65, 37 South. 233), for each of the co-conspirators are guilty of the offense committed, whether he did any overt act or not (*Tanner v. State*, 92 Ala. 1, 9 South. 613; *Pearce v. State*, 4 Ala. App. 35, 58 South. 996). The charges are also faulty in not being complete in themselves, by referring the jury to a reading of the indictment for a description of the money.

(4) That part of the oral argument of the solicitor to which an exception was reserved was not objectionable as a statement of facts by the solicitor unsupported by the evidence. The argument, on the contrary, was based on the jury's observation and experience as men possessed of the knowledge common to all men of affairs. It is legitimate argument to refer and appeal to the common knowledge, ordinary observation, and experience of jurors. The matters referred to by the solicitor, to which objection was made, were matters of common knowledge within the experience of men generally in a position to be informed upon such conditions and affairs.

"Courts are not supposed to be ignorant of what everybody else is presumed to know."—*Wall v. State*, 78 Ala. 418; *Rector v. State*, 11 Ala. App. 333, 349, 66 South. 857.

(5-7) The oral charge of the court correctly stated the propositions of law covered by it as set out in the transcript. There

was ample evidence upon which to predicate a charge and refer to the jury the question of conspiracy (see testimony of Ben F. Chambers set out on page four of the transcript).

We find no error, and the judgment of conviction of the trial court is affirmed.

Affirmed.