(78 South. 411)

FRANKLIN v. STATE. (3 Div. 302.)

(Court of Appeals of Alabama. April 2, 1918.)

1. CRIMINAL LAW ⬠811(1) — INSTRUCTION — UNDUE PROMINENCE TO DEFENDANT'S TESTIMONY.

In a prosecution for larceny of a cow, an instruction that if defendant has stated that the cow was received by him in the manner testified to the jury must acquit him pretermits consideration of all the evidence, and gives undue prominence to defendant's testimony, and was properly refused.

2. LARCENY ⬠68(1)—JURY QUESTION.

In prosecution for larceny of a cow, affirmative charge for defendant held properly denied.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Paul Franklin was convicted of the larceny of a cow, and he appeals. Affirmed.

The first count charges the larceny of a cow. The second count charges that defendant received, concealed, or aided in concealing one cow, the personal property of Stephen Sankey, of the value of $40, knowing that it was stolen, and not having the intent to restore it to the owner. Charge 1 is the general affirmative charge. Charge 2. Affirmative charge as to the first count. Charge 3. Affirmative charge as to the second count.

Charge 4: "If defendant has reasonably satisfied you that the cow was received by him in the manner testified to by him in this case, then you must acquit him." Defendant also complained that the court erred in overruling his motion for a new trial.

Hill, Hill, Whiting & Stern, of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. The testimony offered by the state tended to support the indictment. The cow, the subject of the larceny, was found by the owner, Sankey, in Jim Robinson's pasture. The cow had been so recently marked that the congealed blood was still clinging to the wound on her ear. The defendant admitted that he placed the cow in the pasture, but contends that he bought her from Sam Stephens, who brought the cow to defendant's place in the nighttime, and offered to sell her to defendant. Stephens was examined as a witness by the state, and denied that he had any such transaction with the defendant.

[1] Charge 4 pretermits consideration of all the evidence, and gives undue prominence to the defendant's testimony. Hardeman v. State, 14 Ala. App. 35, 70 South. 979; Lane v. State, 14 Ala. App. 40, 70 South. 982; Finney v. State, 10 Ala. App. 39, 65 South. 93.

[2] Charges 1, 2, and 3, the affirmative charge as to each count and as to the entire case, were properly refused.

We do not feel justified in disturbing the verdict of the jury. Cobb v. Malone, 92 Ala. 630, 9 South. 738; Southern Ry. Co. v. Kirsch, 150 Ala. 659, 43 South. 796.

There is no error in the record.

Affirmed.