## JEMISON v. STATE.  (5 Div. 407.)

(Court of Appeals of Alabama. July 14, 1923. Rehearing Denied Oct. 16, 1923.)

1. Intoxicating liquors ⬥236(19)—Evidence held to sustain conviction for possessing still.

Evidence *held* to sustain conviction for possessing a still.

2. Criminal law ⬥811(1, 6)—Instruction giving undue prominence to testimony for defendant held properly refused.

Charge that, "if the jury believe from the evidence that defendant's evidence is true, the jury cannot convict him," *held* properly refused, since, if it referred to the testimony of the defendant as a witness, it was faulty in giving undue prominence to such testimony, or,\ if it referred to the defendant's evidence as a whole, it gave undue· prominence thereto, and was calculated to mislead the jury.

Appeal from Circuit Court, Chambers County; S. L. ·Brewer, Judge.

Richard A. Jemison was convicted of possessing a still, and appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Jemison, 210 Ala. 271, 97 South. 844.

───────────────────────────

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante. p. 7.

·N. D. Denson & Sons, of Opelika, for appellant.

The evidence was not sufficient to warrant a conviction. Clark v. State, 18 Ala. App. 217, 90 South. 16; Mitchell v. State, 18 Ala. App. 119, 89 South. '98; Roberson v. State, 18 Ala. App. 69, 88 South. 355. Charge H was erroneously refused to defendant. It refers to all the evidence. Carrol v. Bancker, 43 La. Ann. 1078, 1194, 10 South. 187; Central Tel. Co. v. State, 110 Ind. 203, 10 N. E. 922, 12 N. E. 136; Kleyla v. State, 112 Ind. 146, 13 N. E. 255; Downs v. Downs, 17 Ind. 95; McConaha v. Carr, 18 Ind. 443; Gazette Ptg. Co. v. Morse, 60 Ind. 153; Sandford Co. v. Mullen, 1 Ind. App. 204, 27 N. E. 448; Ingel v. Scott, 86 Ind. 518; McDonald v. Eifes, 61 Ind. 279; Craggs v. Bohart, 4 Ind. T. 443, 69 S. W. 931.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge H was properly refused. Adams v. State, 115 Ala. 90, 22 South. 612, 67 Am. St. Rep. 17.

FOSTER, J. The defendant, appellant, was convicted for having in his possession a still, etc., in violation of an act of the Legislature approved September 30, 1919 (Acts 1919, p. 1086).

The evidence for the state tended to show that the sheriff of Chambers county accompanied by two deputies found a copper still of 50 or 60 gallons capacity on a branch about a quarter of a mile northwest of defendant's house, two of the witnesses testifying that it was on defendant's land. The officers had been watching near the still until about midnight before they took it into possession the next day. There was at the still a 50 or 60 gallon barrel of beer. At the still they also found a flake trough, worm, and can. It was a complete still for making whisky. The still had just been operated. It was still hot. On the night the sheriff was watching near the still he found a large lard can there, and he cut a cross mark where the word "Rex" was on the can, and cut a cross mark on the bottom of the can. The sheriff returned the next morning to the still place, and the barrel of beer which was there the night before had been used, and another barrel had been refilled, the still was hot, and fire was under it. There were wagon tracks leading from the still place to the defendant's lot, and a one horse wagon was in his lot. The lard can the sheriff had marked the night before was found in defendant's barn, as was also a part of a barrel of beer which the sheriff testified was

working just like it was at the still the night before, and in his judgment contained alcohol. The evidence for the defendant tended *to show that* he had never seen the still, had nothing to do with it; did not know it was there; did not know the lard can was in his barn; that the barrel found in the barn contained hog slop; that Henry Walker, a negro wage hand on defendant's place, had pleaded guilty to the offense with which defendant was charged, and testified by deposition that defendant had nothing to do with the still and knew nothing about it.

[1] It is contended by appellant's counsel that there was no evidence to justify the verdict of guilt. We have very carefully read the evidence, and conclude that the trial court properly submitted to the jury the question of guilt vel non of the defendant, and that the evidence was sufficient to justify the verdict. The trial court therefore properly refused charge E, the affirmative charge for the defendant.

[2] Refused charge H reads:

"If the jury believe from the evidence that the defendant's evidence is true the jury cannot convict him."

This charge is faulty in giving undue prominence to the evidence of the defendant. It singles out the testimony of a particular witness, and gives to it special importance. Ross v. State, 139 Ala. 144, 36 South. 718; Frost v. State, 124 Ala. 71, 27 South. 550; Huskey v. State, 129 Ala. 94, 29 South. 838; Franklin v. State, 16 Ala. App. 417, 78 South. 411; Stone v. State, 105 Ala. 60, 17 South. 114; Henderson v. State, 11 Ala. App. 37, 65 South. 721. The charge means:

"If the jury believe from the evidence that Jemison's [defendant's] evidence is true the jury cannot convict him."

In Teague's Case, 144 Ala. 42, 40 South. 312, the court held the following charge was bad:

"The court charges the jury that if you believe that the showings for the witnesses Sam Cannon, Billy Barton, Dick Sims and George Toles as to what they would testify *is* a true and correct account of what occurred," etc., "it would be your duty to acquit the defendant."

But, if it be contended that the charge referred to all of the evidence in behalf of defendant, it was faulty in giving undue prominence to the evidence for the defendant, and it was calculated to mislead the jury. There was no error in its refusal.

We find no error in the record, and the judgment of the circuit court is affirmed.

Affirmed.