52

Herbert & Herbert, of Demopolis, for appellant.

A. A. Carmichael, Atty. Gen., and Horace L. Flurry, Asst. Atty. Gen., for the State.

178 So. 547

## BROCK v. STATE.

### 2 Div. 625.

Court of Appeals of Alabama.
Dec. 14, 1937.

Rehearing Denied Jan. 11, 1938.

BRICKEN, Presiding Judge.

The defendant, appellant here, was indicted for the offense of assault with intent to murder upon Earnest Ward. His trial resulted in a verdict by the jury finding him.

guilty as charged in the indictment, whereupon the court adjudged him guilty in accordance with the verdict of the jury, and duly and legally sentenced him to serve an indeterminate term of imprisonment in the penitentiary for not less than five years nor more than six years. From the judgment of conviction pronounced and entered this appeal was taken.

Appellant's able counsel appear to rest this appeal upon two assignments of error. Other exceptions were reserved, but it is admitted that no reversible error prevailed, and we are in accord with this view.

In brief and argument appellant's counsel state that the points of decision relied upon to effect a reversal of the judgment of conviction relate to and are based upon two statements made by the trial court in its oral charge, to which the defendant reserved exceptions.

Upon referring to the record and upon careful investigation, the only matter appearing in connection with an attempted exception to the court's oral charge appears as follows: At the conclusion of the oral charge the court said: "Are you gentlemen satisfied with the court's charge." Mr. W. F. Herbert replied "No sir." The court stated: "Note, your exceptions with the reporter." Mr. Herbert: "We except to the charge on self-defense and that part of the charge which stresses the contention of the State and failed to charge the jury as to the contention of the defendant." Thereupon the court stated: "Gentlemen, I will add to my charge that the contention of the defendant in this case is that he went to Ernest Ward's house for the purpose of recovering from him some money belonging to Mr. Green Evington and his knife."

The Rules of Practice, as announced in innumerable decisions of the appellate courts of this State, provide: That in order to put the court in error upon exceptions reserved to the oral charge (of error prevailed), such exceptions may not be referable and general in terms but must designate and set out the particular part of the charge to which the exception is directed. As stated otherwise in Warsham v. State, 17 Ala.App. 181, 84 So. 885, 887: "There seems to be merit in the insistence of the Attorney General, representing the state on this appeal, that the exceptions reserved to portions of the oral charge were abortive, and were merely descriptive, and that these exceptions were not the reservation of exceptions to a particular, exactly designated, statement of the court, and that the attempted reservation of these exceptions was by reference merely, or descriptive, and did not designate with particularity and certainty the specific portions of the oral charge complained of as being erroneous. The well-settled practice does not allow an exception by description of a subject treated by the court in an oral charge to the jury."

Further discussion appears unnecessary. Under the uniform holdings in the case, supra, and in those hereinafter cited, we must perforce hold that the exceptions to the oral charge of the court here complained of were abortive and the question involved is not presented for consideration. The attempted exceptions were improperly reserved, as they were descriptive only, and not, as the rule requires, the reservation of an exception to a particular, exactly designated statement of the judge. Stroud v. State, 55 Ala. 77; Untreinor v. State, 146 Ala. 26, 41 So. 285; Treadwell v. State, 168 Ala. 96, 53 So. 290; McGhee v. State, 178 Ala. 4, 59 So. 573; Sanders v. State, 181 Ala. 35, 61 So. 336; Cowart v. State, 16 Ala.App. 119, 75 So. 711; Beech v. State, 205 Ala. 342, 87 So. 573; Whittle v. State, 205 Ala. 638, 89 So. 48; Kelley v. State, 226 Ala. 80, 145 So. 816; Maxwell v. State, 3 Ala.App. 169, 57 So. 505; Dunn v. State, 8 Ala.App. 382, 62 So. 379; Kirkwood v. State, 8 Ala.App. 108, 62 So. 1011, certiorari denied 184 Ala. 9, 63 So. 990; Curtis v. State, 9 Ala.App. 36, 63 So. 745; Addington v. State, 16 Ala.App. 10, 74 So. 846; Bowling v. State, 18 Ala.App. 231, 90 So. 33.

The record proper is regular. Let the judgment of conviction from which this appeal was taken stand affirmed.

Affirmed.