29 So.2d 435

### ASHLEY v. CITY OF SCOTTSBORO.
8 Div. 532.

Court of Appeals of Alabama.
March 11, 1947.

H. T. Foster, of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

CARR, Judge.

Appellant was convicted in the court below on a complaint in which he was charged with driving a vehicle while intoxicated, in violation of a city ordinance. The cause was first tried in the recorder's court and, from a conviction there, an appeal was taken to the Jackson County Court. This appeal is from a judgment of conviction in the latter tribunal.

We will discuss only the questions which are presented by assignments of error. Peever v. City Commissioners of Florence, 26 Ala.App. 213, 157 So. 79; Casteel v. City of Decatur, 215 Ala. 4, 109 So. 571.

Assignment No. I. "The Court was in error in refusing to allow appellee's witness, V. P. Thomas, to answer this question: 'That was the same bottle this man, Ashley, said belonged to him and which he paid off for having in his possession, was it not?'" The question is framed in a dual aspect and seeks to elicit a reply relating to both competent and incompetent evidence. Harris v. State, 8 Ala.App. 33, 62 So. 477; Brooks v. State, Ala.App., 27 So.2d 48.[1] In explaining the reason for his ruling, the judge stated: "* * * the question whether or not that is the same bottle, that is proper testimony." Appellant's attorney did not press the matter further by reforming the question to conform to the suggestion indicated, but apparently became satisfied to rest by reserving an exception to the action of the court in sustaining the objection to the query in its original verbiage.

Assignment No. II. The unnumbered refused charge made the basis for this assignment was substantially and fairly covered by the oral charge of the court. Three different times during the charge the judge stated in substance that the jury must be satisfied by the evidence beyond a reasonable doubt of the defendant's guilt as charged before a conviction would be authorized. Title 7, Sec. 273, Code 1940; Kelley v. State, ante, p. 408, 26 So.2d 633.

Assignment No. III. Appellant's counsel "reserved an exception to the court's oral charge in general, and especially to that part of it with reference to the fine and punishment should the defendant be found guilty." To be sure, the oral charge as a whole was not bad, and that portion "with reference to the fine and punishment" is not sufficiently specific to present a review. Lacey v. State, 154 Ala. 65, 45 So. 680; Brock v. State, 28 Ala.App. 52, 178 So. 547.

Assignment No. IV. "The Court was in error in permitting the witness, Swaim, to testify about the amount of whiskey in the

---

[1] Ante, p. 389.

bottle presented to the City Hall when the bottle itself would have been the best evidence, after the bottle had been destroyed by the police officers of the City." The record does not sustain this contention. We do not find this question raised on the page indicated.

Assignment unnumbered. "In the conclusion of the trial, the appellant filed a motion to set aside the verdict of the jury, but the Court refused same." We presume we are here requested to review the action of the court in overruling the motion for new trial. The motion was filed with the clerk of the court; however, if the trial judge ever ruled on same, it nowhere appears in the record.

We have disposed of all questions which are presented for our consideration.

It is ordered that the judgment of the nisi prius court be affirmed.

Affirmed.