63 So.2d 294

## ASKEW et al. v. STATE.

### 4 Div. 216.

Court of Appeals of Alabama.

Feb. 17, 1953.

Lawrence K. Andrews, Union Springs, and Russell & Russell, Tuskegee, for appellants.

Si Garrett, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., and Thos. M. Haas, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

Robert Wilson, Willie Askew, Richard White, and Eddie Mason were jointly indicted on a charge of rape. Richard White was ill at the time of trial. As to him a continuance was ordered, and the other three defendants were tried jointly. The trial resulted in a judgment of conviction as charged.

Appellant's brief is devoted entirely to the insistence that each of the defendants was due the general affirmative charge.

For two reasons this question is not properly before us for review.

The record does not contain all the evidence. The state introduced in evidence the underclothes that were worn by the prosecutrix at the time of the alleged offense. These garments were not sent up to this court. York v. State, 34 Ala.App. 188, 39 So.2d 694. See other cases cited under 7 Ala.Digest, Criminal Law, ☞1121 (2).

The other reason is: The affirmative charge is grouped in the record with other written instructions under the heading "Refused Charges." Each of the charges contains the name of the trial judge but omits the endorsement "Refused." In this state of the record we are not privileged to review the propriety of the refusal of any of these instructions. Title 7, Sec. 273, Code 1940; Berry v. State, 231 Ala. 437, 165 So. 97; White v. State, 24 Ala. App. 575, 139 So. 113; Kiker v. State, 233 Ala. 448, 172 So. 290; Garrett v. State, 35 Ala.App. 141, 44 So.2d 260.

Appellant's counsel excepted to a portion of the court's oral charge only by reference. The rule requires that the part of the oral charge to which exceptions are reserved must be pointed out or stated in substantially the language used by the trial judge. Review of the matter by the appellate courts is not invited if the attempted exception is stated only in descriptive or general terms. Corder v. State, 32 Ala.App. 584, 28 So.2d 651; J. R. Watkins Co. v. Goggans, 242 Ala. 222, 5 So.2d 472; Ashley v. City of Scottsboro, 32 Ala.App. 660, 29 So.2d 435; Pollard v. Rogers, 234 Ala. 92, 173 So. 881.

The questions to which we have not responded do not merit any discussion.

The judgment below is ordered affirmed.

Affirmed.