70 So.2d 287

**WHITE v. STATE.**

**4 Div. 243.**

Court of Appeals of Alabama.

Jan. 26, 1954.

Lawrence K. Andrews, Union Springs, and Russell & Russell, Tuskegee, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the State.

PRICE, Judge.

Appellant and three others, Willie Askew, Eddie Mason and Robert Wilson, were jointly indicted on a charge of rape. The others were tried previously and were con-victed. Askew v. State, 36 Ala.App. 710, 63 So.2d 294. Because of appellant's illness a continuance was ordered as to him and his subsequent trial resulted in his conviction, with punishment fixed at imprisonment for ten years.

The evidence for the State tended to show that prosecutrix, an eighteen year old Negro girl, went with her sister and brother-in-law to a beer joint on the night of the alleged crime. Some time after their arrival she left by the front door to go to the rest room; and when just outside the door appellant seized her and forced her to accompany him to a car at the back of the building. In the car Eddie Mason ravished her while the other three Negroes held her. She testified appellant was holding her hands during the commission of the offense. She made immediate complaint to her sister and shortly thereafter to the officers.

The sister testified she went looking for prosecutrix when she failed to return in a half hour and met her coming in the door. "Her hair was all thrown over her head, her dress was bloody, her clothes were dirty and she was wringing wet like someone had been tussling with her." Proof was introduced that the clothing worn by prosecutrix at the time complained of was in court on the trial of the companion case and had not been seen since the trial.

Prosecutrix was examined the next morning by a physician who testified he found a bruise the size of a half dollar inside her vagina.

Defendant testified he walked with prosecutrix to the car, but said she went of her own volition and denied that he forced her in any way. When she got into the car he turned around and went back into the building and knew nothing of what happened in the automobile.

Several witnesses, including two of the co-indictees, testified defendant walked side by side with prosecutrix to the car but was not holding or forcing her, and he did not get into the car. Eddie Mason and Willie Askew testified she sat in the car with them but denied she was raped.

Appellant also introduced evidence of his good character.

Counsel insists in brief that appellant was entitled to the general affirmative charge because it was not shown there was a conspiracy among the parties to commit the offense and there was no testimony, except that of prosecutrix tending to show that he was in the car when the alleged rape took place or that he pushed her into the car, and aside from her testimony there was no evidence that she cried out for help or offered any resistance, although the alleged offense was committed at a place surrounded by people.

In a rape prosecution it is not necessary to sustain a conviction that the testimony of prosecutrix be corroborated, for the jury may convict on her evidence alone, though it may be uncorroborated, if it convinces them beyond a reasonable doubt that the accused is guilty. Barnett v. State, 83 Ala. 40, 3 So. 612.

A conspiracy to do an unlawful act need not be shown by positive testimony, nor, to establish a conspiracy, need it always be shown there was a prearrangement to do the specific wrong complained of. So, if being present, with or without preconcert, two or more persons " 'entered into a common illegal purpose, and one or more of them did the deed of violence, and the others were present, aiding, abetting, encouraging, or giving countenance to the unlawful act, or ready (with the perpetrator's knowledge of their intent to render assistance to him if necessary—Tally's case, (State ex rel. Martin v. Tally), supra [102 Ala. 25, 15 So. 722]) to lend assistance if it should become necessary, * * * the other or others are as guilty as the actor or actors.' Amos' case (Amos v. State), 83 Ala. 1, 4, 3 So. 749, 751 (3 Am.St.Rep. 682)." Jones v. State, 174 Ala. 53, 57 So. 31, 33. See also Kelly v. State, 31 Ala.App. 194, 13 So.2d 691.

The question as to whether or not there was a conspiracy to commit the offense and whether or not defendant aided and abetted in its commission were inquiries for the jury to determine from the conduct of the .parties. The evidence was sufficient to go to the jury on the question of defendant's guilt, and it was within the province of the jury to choose whether they would believe the testimony of the prosecuting witness or that of defendant and his witnesses.

There was, therefore, no error in the refusal to give at request of defendant the general affirmative charge.

There being no reversible error in the record the judgment of the trial court is ordered affirmed.

Affirmed.