279 So.2d 145

Henry WILLIAMS

v.

STATE.

3 Div. 198.

Court of Criminal Appeals of Alabama.

June 12, 1973.

the oath or affirmation of the witness." (Italics added).

B. F. Lovelace, Brewton, for appellant.

William J. Baxley, Atty. Gen., and Thomas W. Sorrells, Asst. Atty. Gen., for the State.

CLARK, Supernumerary Circuit Judge.

Appellant, Henry Williams, prosecutes this appeal from a judgment of the Circuit Court of Escambia County adjudging him guilty of assault with intent to murder, for which he was sentenced to imprisonment in the penitentiary for a term of ten years. The judgment was duly rendered and the sentence imposed by the Court after a jury had found the appellant guilty as charged in an indictment, to which he had entered a plea of not guilty.

Briefs of attorneys for the adverse parties disclose that the only area of counter-position is as to the sufficiency *vel non* of the evidence to support the verdict. Defendant's written request for the affirmative charge in his favor was refused by the trial judge.

Evidence offered by the State consisted of the testimony of the victim of the alleged crime, George Rhoades, and Marshall Young. Testimony of defendant constituted all the evidence offered by him. At the time of the incident the three witnesses were inmates of Holman Prison in Escambia County.

The testimony of George Rhoades was to the effect that while he was sitting on his bed talking to another inmate, the other inmate suddenly shouted, "Look out, man.", and that he (Rhoades) then turned and saw a knife in the hand of appellant coming down toward him, and appellant stabbed him in the back; that Rhoades then attempted to grab the arm of appellant, and in the process appellant cut Rhoades on the arm and then threw Rhoades down on his back, straddled him and tried to stab Rhoades in the chest, that Rhoades hollered and an inmate, Marshall Young, grabbed appellant from behind and took the knife, and Rhoades was later taken to the hospital. Rhoades testified that at the time he had no knife or weapon of any kind, that he did not threaten the defendant at any time and had not made any motions or threatening gestures toward him.

Marshall Young testified that he was playing cards and heard the commotion, hollered, "break it up.", saw the defendant with a knife and when Young got to the defendant he had Rhoades down and was astraddle him and had the knife trying to shove it into Rhoades with both hands on the knife; that Rhoades was lying flat on his back, scuffling and trying to keep Williams from sticking him and that he saw no knife, or weapon, or anything, in the hands of Rhoades. Young testified he was a good friend of Rhoades.

The defendant testified that he and the victim had been friends for five years, that the victim had made threats against him in the past and that he had had some trouble with the victim on the day of the incident involved and was walking toward the victim to talk it over, and that the victim made a motion toward his shirt, and that he (defendant) "pulled" his knife. He testified that when the victim "seen I had a knife, he tried to back up and run so I couldn't cut him." He further testified

that the victim had a mean look on his face at the time defendant pulled his knife.

 The attorney for appellant, Public Defender of the Twenty-first Judicial Circuit of Alabama, pursuant to Act No. 1158, Acts 1969, p. 2163, ably presents the proposition that appellant should not have been convicted if he acted in self-defense or if he acted without malice, and well reasons that the question of his guilt is to be equated with the question of whether he would have been guilty of murder, in either degree, if the victim had been fatally injured. The State finds no fault with that position, but insists that there was ample evidence to show all of the elements of the crime charged, including the element of malice, and to show that appellant did not act in self-defense. We agree. Even if we should not agree with the finding of the jury, we must adhere to the rule that the weight of the evidence, the credibility of the witnesses, and the inferences to be drawn from the evidence, when susceptible of more than one rational conclusion, are for the jury and not for the Court to determine. Willcutt v. State, 284 Ala. 547, 226 So.2d 328; Byrd v. State, 213 Ala. 333, 104 So. 830.

Our view that the judgment and sentence should stand is strengthened by the absence from the record of any indication of any prejudicial conduct or remarks of any kind and further by the fullness, accuracy, and clarity of the oral charge of the trial court. Thus environed, the verdict appears to have been reached intelligently, understandably and without any improper motive.

The foregoing opinion was prepared by Honorable Leigh M. Clark, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All Judges concur.