314 So.2d 905

**Elvis HEADLEY**

v.

**STATE.**

**6 Div. 779.**

Court of Criminal Appeals of Alabama.

April 22, 1975.

Rehearing Denied May 27, 1975.

**304**

———◆———

James R. Shaw, Powell Lipscomb, Bessemer, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

TYSON, Judge.

The Grand Jury charged the appellant with the first degree murder of Pauline C. Headley, the wife of the appellant. The Jury found the appellant guilty of manslaughter in the first degree and fixed punishment at ten years imprisonment. The appellant's motion for new trial was overruled.

Pauline Caldwell Headley, the wife of the appellant, died as the result of a gunshot wound received June 24, 1972, at her home in Bessemer, Alabama. The evidence in this cause shows that on the day prior to the shooting incident, the appellant had gone home from work, then driven with the deceased and his stepdaughter, Darlene Morris Rape, to visit relatives in Jemison, Alabama. Thereafter, the parties stopped off at two or three places with reference to making plans for a fishing trip the following day. Several beers were consumed by each at the various stops. The parties returned home that evening, then went out and bought some more beer. When Mr. and Mrs. Headley returned to their home, they began "fussing." The details of this homicide are fully set forth in the prior opinion of this cause, *Headley v. State*, 51 Ala.App. 148, 283 So.2d 458.

The appellant contended that the homicide was the result of a struggle over a shotgun, which went off when he attempted to pull it from the grasp of the deceased.

I

In this cause, the appellant's attorneys assign three instances wherein they sought to impeach three of the State's witnesses by their testimony at the prior trial of this cause.

In the first instance, the appellant's attorneys exhibited to Darlene Morris Rape, the sole eyewitness to the homicide, portions of her testimony on cross-examination. From the record (pp. 56–57):

"Q Do you remember testifying in this court at an earlier trial?

"A Yes, sir.

"Q You remember being asked questions and this gentleman here was taking it down?

"A Yes, sir.

"Q Relative to the question about your mother and the shotgun, you were asked the question, 'When your mother was putting the shotgun shell in, did she then cock it?' And your answer, 'I don't remember, I didn't see it, but I think she cocked it once.' Do you remember saying that?

"A I don't remember, but I guess I did if it's on there.

"Q Do you remember being asked this question on cross examination? 'Darlene, do you recall before the gun went off if there was some scuffling over the gun,' and your answer was, 'Yes.' Do you remember making that statement?

"A No, I remember he snatched the gun from her.

"Q Do you remember being asked the question whether there was any scuffling and your answer was yes?

"A I don't remember the question.

Q You don't remember making that statement?

"A No, sir, but I must have."

In the second instance, the appellant's attorneys asked Eugene Caldwell, the brother of the deceased, about his testimony at the prior trial as to the height of the victim. From the record (pp. 64–65)

"Q And how tall did you say she was?

"A I'm guessing five-nine and a half.

"Q Did you testify previously that she was five feet five inches?

"A No, not that I remember.

"Q Did you ever testify in this cause before?

"A Yes, sir, I was here and testified.

"Q Do you remember Mr. Goldner taking down the testimony?

"A I don't know whether he took it or not.

"Q You remember somebody was there?

"A Yes, sir."

In the third instance, the appellant's attorneys questioned Coroner C. R. Reeves, now retired, about his testimony at the prior trial, pertaining to whether or not the shots had gone in at a slightly downward angle, when at the prior trial he had testified that the shots went at a slightly upward angle (R. pp. 91–92).

The appellant, through counsel, prior to resting his case, sought to present the contradictions in the three witnesses' testimony through the official transcript by the official court reporter, Mr. Arnold Goldner (R. pp. 131–133). The trial court then denied the appellant's offer of proof.

The case of *Gilchrist v. State,* 19 Ala. App. 16, 95 So. 197, cert. denied 208 Ala. 690, 95 So. 200, is directly in point and requires reversal of this cause.

As here, the defense counsel sought to present a contradiction in the eyewitness' testimony of a former trial through the official court reporter's transcript. As in the case at bar, the trial court denied this offer of proof. This inquiry related to a very material matter in each instance, and we are of the opinion that there was a sufficient predicate laid to authorize the introduction of the transcript of the official court reporter's notes with reference to the contradiction of the three witnesses in question.

Each of the three witnesses were here shown their prior testimony and asked to explain any inconsistencies, as is required by *Parker v. State,* 266 Ala. 63, 94 So.2d 209.

In refusing the appellant's offer of proof, the trial court committed reversible

error. *Gilchrist v. State,* supra; *Johnson v. State,* 43 Ala.App. 224, 187 So.2d 281.

We pretermit consideration of other assignments of error as they are not likely to occur again on retrial of this cause.

For the reasons stated above, the judgment of conviction is due to be reversed, and the cause is hereby remanded.

Reversed and remanded.

All the Judges concur.