Appellant was convicted of rape and the jury fixed his punishment at ten years imprisonment in the penitentiary. The Court sentenced appellant in accordance with the verdict of the jury and ordered that he be given credit for the time he spent in jail awaiting trial. The Court found appellant to be indigent and appointed one of the attorneys with the Public Defenders' Office to represent him. At arraignment with counsel present appellant pleaded not guilty. After conviction he gave notice of appeal and a free transcript was furnished him. Trial counsel represents him on this appeal.
Appellant made application for probation and the probation officer was ordered to conduct an investigation and file his report. When this report was filed, it revealed that in 1971 appellant was convicted of carnal knowledge and his application for probation was denied.
The evidence for the State is not disputed. Appellant did not testify or offer any evidence in his behalf.
In the early morning hours of June 29, 1975, the victim was alone in an apartment at 1027 Oak Avenue, Apartment Number 10, which she shared with her brother. This was an apartment complex near the campus of the University of Alabama. Her brother was at a party in another apartment complex directly behind the apartment where the victim and her brother lived. Appellant was a friend of her brother and had visited him in the apartment before her brother left for the party. Appellant left this apartment before the victim's brother left. *Page 250 
After midnight the victim heard a knock on the front door and she asked who was there and a man answered Larry Williams and he wanted to know if her brother was at home and she told him no. She opened the door so that appellant could go out the back door to the apartment where her brother was attending a party. She heard the back door close and thought appellant had left her apartment when suddenly he was standing before her. He told her to take her clothes off and she said, "What for?" and he said, "What the _____ you think for?" She tried to get to the front door and had it almost opened when appellant grabbed her arm and twisted it behind her and closed the door. She started tussling with him and was screaming at the same time. He told her if she screamed again, he would hit her in the mouth. He turned the television up loud and forced her to the floor and removed her blue jeans and underclothes and had sexual intercourse with her. When he left, she put her blue jeans back on but in her haste to get to her brother she forgot to zip up her blue jeans. When she got to the apartment where her brother was she was crying hysterically and she told him what appellant had done to her, and he discovered her blue jeans were unzipped.
The police were called and she was carried to the emergency room at the Druid City Hospital where she was examined by a doctor on duty. City Detective Adolph Smith talked to her at the hospital before and after she was examined by the doctor.
Appellant could not be located until July 14, 1975, at which time he was arrested and charged with rape. He was given a preliminary hearing at which he was represented by an attorney from, the Public Defenders' Office. He was bound over to the grand jury.
Where there is legal evidence from which the jury can by fair inference find the accused guilty, this Court has no right to disturb the verdict, the weight and probative value of the evidence presented a jury question. Stiles v. State,55 Ala. App. 374, 315 So.2d 609; Bass v. State, 55 Ala. App. 88,313 So.2d 208; Hawkins v. State, 53 Ala. App. 89, 297 So.2d 813;Williams v. State, 50 Ala. App. 341, 279 So.2d 145.
A fact may be established as firmly by the testimony of one witness as by the testimony of an entire community. In our system of criminal justice we do not travel on the number of witnesses. Smith v. State, 53 Ala. App. 27, 296 So.2d 925;Haggler v. State, 49 Ala. App. 259, 270 So.2d 690; Gray v.State, 38 Ala. App. 508, 88 So.2d 798.
In a rape prosecution it is not necessary to sustain a conviction that the testimony of the prosecutrix be corroborated, for the jury may convict on her evidence alone, though it may be uncorroborated, if it convinces the jury beyond a reasonable doubt that the accused is guilty. Barnettv. State, 83 Ala. 40, 3 So. 612; White v. State, 37 Ala. App. 448, 70 So.2d 287.
We have carefully searched the record and find no reversible error. Accordingly, the judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur, except CATES, P.J., not sitting. *Page 251