State of Alabama House of Representatives State Capitol Montgomery, Alabama
Lady and Gentlemen:
On February 8, 1977, we received from you copies of House Resolution No. 22, as follows:
H.R. 22 REQUESTING AN ADVISORY OPINION OF THE JUSTICES OF THE SUPREME COURT RELATIVE TO H.B. 262.
“BE IT RESOLVED BY THE HOSE OF REPRESENTATIVES OF THE LEGISLATURE OF ALABAMA, That we respectfully request the Honorable Chief Justice and Associate Justices of the Supreme Court or a majority of them, to give this body their written opinions on the following important constitutional question which has arisen concerning the pending bill, H.B. 262, a copy of which is attached to this resolution and made a part hereof by reference:
“1. Does Section 1 of H.B. 262 conflict with Article 6, Section 150(2) of the Constitution of Alabama 1901 as amended by Amendment No. 828 adopted in 1973?
“RESOLVED FURTHER, That the Clerk of the House of Representatives is hereby directed to send five true copies of the pending bill, H.B. 262, to the Clerk of the Supreme Court of Alabama, and to transmit this request to the Justices of the Supreme Court forthwith upon adoption of this resolution.
“A BILL TO BE ENTITLED AN ACT”
“Relating to Dale County, providing for a one-to-one method of striking jurors in criminal cases.
BE ENACTED BY THE LEGISLATURE OF ALABAMA:
“Section 1. In every criminal case prosecuted in Dale County the jury shall *362 be drawn, selected and empaneled as follows: Upon the trial by jury in any court in Dale County of any person indicted for a misdemeanor or felony or in case of appeals from lower courts, the court shall require two lists of all the regular jurors empaneled for the week, who are competent to try the defendant, to be made and the solicitor shall be required to first strike from the list the name of one juror and the defendant shall strike one juror and they shall continue to strike off names alternatively until only twelve jurors remain on the list, and these twelve thus selected shall be the jury charged to try the case.
“Section 2. All laws or parts of laws which conflict with this act are hereby repealed.
“Section 3. This act shall become effective immediately upon its passage and approval by the Governor, or upon its otherwise becoming a law.”
The answer to the question posed in House Resolution 22 is in the affirmative.
Amendment 328, Section 6.11, proclaimed ratified on December 27, 1973, and carried in Michie’s 1973 Cumulative Supplement to the 1958 Recompiled Code as Article 6, Section 150, provides:
“Power to make rules. The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein; and provided, further, that the right of trial by jury as at common law and declared by section 11 of the Constitution of Alabama 1901 shall be preserved to the parties inviolate. These rules may be changed by a general act of statewide application.”
The method of selecting juries in criminal cases, the subject matter of House Bill 262, is within the rulemaking power of the Supreme Court of Alabama as granted by the Constitutional provision quoted. Even though the Supreme Court of Alabama has not, as of this date, promulgated a rule governing the practice and procedure for selecting juries in criminal cases, we are of the opinion that the provisions of Title 30, Chapter 5, Sections 60-71, Code of Alabama, 1940, as amended, apply until changed by a rule adopted by the Supreme Court, because of the provisions of Amendment 328, Section 6.21(h), which is carried in Michie’s 1973 Supplement as Article 6, Section 160(h), and which provides:
“(h) Except to the extent inconsistent with the provisions of this article, all provisions of law and rules of court in force on the effective date of this article shall continue in effect until superseded in the manner authorized by the Constitution.”
The provisions of law relative to the selection of juries in criminal cases has not been superseded “in the manner authorized by the Constitution” — that is, by a rule promulgated by the Supreme Court. We express no opinion on whether “a general act of statewide application” could change the method for selection of juries in criminal cases, but we do note that House Bill 262 is not a general act of statewide application. Therefore, we are of the opinion that House Bill 262 does violate Amendment 328, Section 6.11.
As a matter of information, we would point out that the Alabama Law Institute, which is funded by the Alabama Legislature, will present to the Supreme Court of Alabama in the near future a comprehensive set of proposed Rules of Criminal Procedure, and that jury selection procedures will be included in these proposed rules.
Respectfully submitted,
C. C. Torbert, Jr.
Chief Justice
James N. Bloodworth
Hugh Maddox
Reneau P. Almon
Janie L. Shores
T. Eric Embry
Sam A. Beatty
Associate Justices