JOSEPH J. MULLINS, Retired Circuit Judge.
Appellant, Roger Carlos House, was indicted by the grand jury of Lauderdale County for the offense of unlawfully possessing marijuana, after having been previously convicted for the offense of possession of marijuana. He entered a plea of not guilty to the indictment, and a jury found him guilty as charged in the indictment, and assessed a fine of five thousand dollars against him. He was duly sentenced to pay a fine of five thousand dollars, and four years in the penitentiary. Appellant filed a motion for a new trial which was denied and he appeals to this Court.
This appeal was submitted to this Court on a no merit letter and brief of appellee. Appellant is now, and was at all times in the trial court, represented by court appointed counsel.
State’s evidence tended to prove that on August 11th, 1976 the appellant, after having been previously convicted for violating the Alabama Uniform Controlled Substance Act, sent 41 marijuana cigarettes, contained in a carton of Vantage cigarettes into the Lauderdale County Jail to one, Ballentine, who was confined in the jail. State’s evidence further tended to prove that one, Campbell, was at the same time confined in the jail; that recently appellant had been confined with Ballentine and Campbell in the jail but appellant was not presently confined; that appellant gave the carton of Vantage cigarettes, which contained 41 marijuana cigarettes, to Campbell’s wife and requested her to deliver it to Campbell when she visited her husband; that Mrs. Campbell gave the carton to the jailor, Mr. Valentine, and requested him to deliver it to her husband; that Mrs. Campbell did not know the carton contained any marijuana cigarettes; that the carton was delivered to Ballentine; that Ballentine did not deliver the carton to Campbell but kept it for about five minutes until Charlie Ford, an officer of the law, recovered the carton from Bal-lentine; that the packages of cigarettes contained in the carton were sealed when they were given to Mrs. Campbell and when the carton was recovered from Mr. Ballen-tine.
The appellant did not testify as a witness in his behalf. He offered testimony of three witnesses, all who were confined in the Lauderdale County Jail, that at the time the carton of cigarettes was delivered to Ballentine, that the carton had been delivered to Campbell, and Campbell gave it to Ballentine.
State’s evidence in the record is sufficient to sustain the jury verdict finding the appellant guilty as charged. We hold that the trial court did not commit error in overruling appellant’s motion for a new trial. *753 Willcutt v. State, 284 Ala. 547, 226 So.2d 328; Williams v. State, Ala.Cr.App., 335 So.2d 249; Haggler v. State, 49 Ala.App. 259, 270 So.2d 690; Alabama Uniform Controlled Substance Act, Section # 258 (47), (53), of Title 22, Code of Alabama, 1940 Recompiled, as last amended.
We have searched the record for any errors prejudicial to the appellant and have found none.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by the Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328, Act # 1051, 1973); his opinion is hereby adopted as that of the Court.
The judgment below is hereby affirmed.
AFFIRMED.
All the Judges concur.