Appellant, Gigi Elijah Carroll, was indicted by the Houston County Grand Jury during the November, 1982 term on a charge of theft in the second degree. On December 13, 1982, she was arraigned and entered a plea of not guilty and not guilty by reason of insanity. Trial commenced on the same day and the jury found her guilty as charged in the indictment. Appellant was adjudged guilty in accordance with the verdict and was sentenced to twelve years' imprisonment in the penitentiary pursuant to the Habitual Felony Offenders Statute § 13A-5-9, Code of Alabama 1975.
At trial, Fred Corbin, security manager of the southwest K-Mart department store in Dothan, testified regarding events of November 4, 1982. He stated that, while on duty at K-Mart, he observed Mrs. Carroll *Page 954 
remove items of clothing from the racks and place them under the lid of a baby carriage and on her person. He followed Mrs. Carroll as she left the store through the service desk area without paying for the merchandise. In the parking lot outside of the store he stopped her and requested that she return to the store with him whereupon she attempted to evade him and rid herself of some of the merchandise. Both she and her baby carriage were, however, returned to the store's security office where the merchandise was removed from the carriage and from Mrs. Carroll's person.
The items, as evidence by the prices on the sales tickets, had a collective value of $86.80. Mr. Corbin testified that sales tickets on items sold at K-Mart were routinely torn in half at the time of sale and he identified three photographs depicting the items taken with sales tickets intact. He identified the merchandise in the photographs as the property of K-Mart Corporation and stated that Mrs. Carroll had no authority or permission to take the merchandise.
These facts were uncontroverted by Mrs. Carroll who testified in her own behalf. Her only defense was insanity. Other witnesses for the defense were her mother and her husband.
Appellant raises five issues on appeal. The first issue is whether Mrs. Carroll should have been arraigned after the jury had been impanelled even though a delay in arraignment was at the request of defendant's attorney.
This court, in Headley v. State, 51 Ala. App. 148,283 So.2d 458, appeal after remand, 55 Ala. App. 303, 314 So.2d 905 cert. denied, 294 Ala. 758, 314 So.2d 908 (1973), observed that the only purpose of the arraignment subsequent to the abrogation of common law formalities is to obtain from the accused his answer to the indictment. Furthermore, in Newsome v. State,49 Ala. App. 248, 270 So.2d 680 (1972), where appellant failed to appear for his arraignment and was not thereafter called upon to answer the charges against him in person this court stated that such an oversight could have been cured at any time before or during the trial before the jury retired. It is clear that the timing of Mrs. Carroll's arraignment was not error and that she was not thereby prejudiced.
The second issue appellant raises on appeal is whether the denial of a continuance for the purpose of allowing further psychological evaluation of appellant was error.
It is well settled law that the disposition of a motion for continuance is vested in the sound discretion of the trial court and that its ruling will not be disturbed on appeal, except upon a clear showing of abuse of discretion. Busby v.State, 412 So.2d 837 (Ala.Cr.App. 1982); Avery v. State ofAla., 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1939). It is within the sound discretion of the trial judge to deny a motion for continuance for the purpose of obtaining further study and evaluation of a defendant. Beauregard v. State, 372 So.2d 37
(Ala.Cr.App. 1979). There is no obligation of the trial court to grant a continuance for the purpose of preparing an insanity defense, Lee v. State of Alabama, 386 F.2d 97 (5th Cir. 1967), and, lastly, the defense of not guilty by reason of insanity does not present the issue of the mental competency of the accused to stand trial. Hawkins v. State, 267 Ala. 518,103 So.2d 158 (1958). We find no evidence in the record indicating an abuse of discretion by the trial court.
The third issue appellant raises is whether a question by the prosecutor at trial revealing that defendant had committed a prior crime should have resulted in a mistrial or admonishment to the jury. The sequence of questions directed to appellant's mother and her responses leading up to the question at issue were as follows:
 "Q. Do you know what all she has been doing the last year up here?
 "A. She has done so many things that I can't believe it.
"Q. Criminal things?
"A. Yes. And don't remember them.
"Q. And, don't remember them? *Page 955 
 "A. Eighteen years, she never done anything. She had a clean record.
"Q. For eighteen years she had a clean record?
"A. She never done —
 "Q. Ma'am, you don't know what has occurred up here, what her record has been in the last period of time?
"A. Her husband told me about it when he called me.
 "Q. The fact that she has been — in fact, she was sentenced on September 28th of 1982 for Theft of Property in the Second Degree?"
The general rule regarding prior crimes of defendants at trial is stated by C. Gamble, McElroy's Alabama Evidence, § 69.0.1 (3d ed. 1977) as follows: "On the trial of a person for the alleged commission of a particular crime, evidence of his doing another act, which itself is a crime, is not admissible if the only probative function of such evidence is to show his bad character . . ." The question challenged by appellant, however, was put to appellant's mother in an attempt to impeach her credibility as a witness and not to show Mrs. Carroll's bad character. Defense counsel's objection was nevertheless sustained. In addition, Mrs. Carroll took the stand in her own defense putting her character at issue and giving testimony regarding prior crimes. We find no error in the trial court's failure to declare a mistrial or admonish the jury regarding the question of the prosecutor.
The fourth issue appellant raises is whether the verdict was against the evidence or against the weight of the evidence. This court held in both Hughes v. State, 412 So.2d 296
(Ala.Cr.App. 1982) and in Williams v. State, 335 So.2d 249
(Ala.Cr.App. 1976) that when there is legal evidence from which the jury can infer guilt of the accused the verdict will not be disturbed. The record in this case reveals ample evidence by which the jury could have inferred guilt of the accused.
The final issue appellant raises is whether Alabama's Habitual Offender Statute is constitutional as applied to the sentence given to appellant. The constitutionality of this statute has been affirmed on numerous occasions by this court, most recently in Weaver v. State, 437 So.2d 626 (1983). Mrs. Carroll received a twelve-year sentence in this case and as she could have received a twenty-year sentence this does not appear to be a harsh application of the Habitual Offender Statute.
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur.