[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 610 
The three appellants, Jeffery Quinn Sumpter, Lonnie Bernard Keenan and Gary Lee Brown, were charged in separate indictments for rape in the first degree. Their cases were consolidated for trial and the jury found each appellant "guilty as charged in the indictment." After a sentencing hearing the trial judge sentenced each appellant to 20 years' imprisonment in the penitentiary.
This cause arises out of an incident that occurred on January 8/9, 1983. Briefly stated, the facts are as follows:
On January 8, 1983, the prosecutrix and her husband were hitchhiking on Interstate 59 through Birmingham. They were walking to a truck stop on Arkedelphia Road when the appellants in this cause offered them a ride. The appellants informed them that they had to make a couple of stops but that they would take the couple back to the truckstop. They then proceeded to Forestdale where they stopped at two houses, to Pratt City where they made a couple of stops and to Ensley where the group stopped and purchased some wine. Everyone began to drink and they soon arrived at the Green Isle Apartments in Bessemer. They went to the apartment of one Kenny Boykin. There the group began to play cards and to drink some more wine. After a while Lonnie Keenan told the prosecutrix that he had not had a woman in a long time. A few minutes later Keenan told her that she was going upstairs with him and produced a pistol from his pocket. This gun had been shot outside earlier in the evening by Brown and Sumpter. The prosecutrix's husband objected to this and was pushed down onto the couch. He then asked to go to the bathroom. Sumpter and Keenan took her husband to the bathroom and, while they were in the bathroom, Brown told the prosecutrix she had better hurry and get undressed. She took her clothes off and when the men returned from the bathroom her husband was forced to sit on the couch. Keenan and Brown held her husband on the couch at gunpoint and Sumpter instructed the prosecutrix to lie down on the floor. Sumpter then lay down on top of her and began to rape her. He had penetrated her when a scuffle broke out between Keenan, Brown and her husband. Sumpter jumped up and her husband wrestled the gun away from the men. The prosecutrix got up and put her clothes on. During the fight, Kenny Boykin came downstairs in his apartment. The prosecutrix's husband had the pistol and told Boykin to get their clothes out of the appellants' car. Her husband tried to fire the pistol, but it did nothing but click on empty cylinders. Boykin got the clothes and returned to the apartment where the prosecutrix's husband turned the gun over to him. Boykin then gave them a ride to a local hotel. The appellants followed them to the hotel, but upon arrival the prosecutrix and her husband ran inside and called the police.
All three appellants were arrested later that day. Each appellant gave the police a statement basically reciting the roles each had played in the incident.
The appellants each testified at trial and denied the truth of the statements they had given. They further denied that any penetration had occurred. They stated that the prosecutrix was not forced to do anything. *Page 611 
 I
The appellants argue that the trial court erred in allowing their cases to be consolidated in a single trial. They further argue, in connection with this consolidation issue, that the statements of co-defendants should not have been admitted into evidence and, as a result, they were unduly prejudiced and denied a fair trial.
This court has addressed this issue previously in Holsembackv. State, 443 So.2d 1371 (Ala.Crim.App. 1983), cert. denied,443 So.2d 1371 (Ala. 1984). In speaking to the consolidation issue in Holsemback this court stated:
 "The consolidation of one defendant's case with that of another defendant is a matter of procedure. Hamilton v. North Carolina, 260 F. Supp. 632, 635
(E.D.N.C. 1966), affirmed, 382 F.2d 296 (4th Cir. 1967). Rules of joinder and consolidation are designed `to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' Daley v. United States, 231 F.2d 123, 125
(1st Cir.), cert. denied, 351 U.S. 964, 76 S.Ct. 1028, 100 L.Ed. 1484 (1956)."
Holsemback, supra at 1376.
This court further stated that "[t]he trial of multiple defendants carries `substantial risks of manifest unfairness'.United States v. McLaurin, 557 F.2d 1064, 1074 (5th Cir. 1977)." "`Inherent in every joint trial is, of necessity, some degree of bias. Only in the event such prejudice appears to becompelling does severence become warranted.' United States v.Marszalkowski, 669 F.2d 655, 660 (11th Cir. 1982)." Holsemback, supra at 1377.
In this case, as in Holsemback, the appellants cite Bruton v.United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476
(1963) as authority for the proposition that the consolidation was error. "In Bruton [supra], the U.S. Supreme Court held that the defendant's Sixth Amendment right to confrontation may be violated by introduction of a nontestifying co-defendant's extrajudicial statement inculpating the defendant." Holsemback, supra at 1378. However, this case may be distinguished fromBruton. First, in Bruton, the co-defendant's statement "added substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination." Bruton,391 U.S. at 127, 88 S.Ct. at 1623, "Bruton also recognized that `[n]ot every admission of inadmissible hearsay or other evidence can be considered to be reversible error. . .',391 U.S. at 135, 88 S.Ct. at 1627." Holsemback, supra at 1379.
 "In Schneble v. Florida, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), the Court held that, in light of the overwhelming evidence of the defendant's guilt as manifested by his confession and the comparatively insignificant effect of the co-defendant's confession, any Bruton error which may have occurred was harmless beyond a reasonable doubt . . . `The mere finding of a violation of the Bruton rule in the course of the trial, however, does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the co-defendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error.' Schneble, 405 U.S. at 429-30, 92 S.Ct. at 1058-59."
Holsemback, supra at 1379.
In the case at bar the appellants' statements were no more implicating to either co-defendant than that defendant's own statement. Each defendant testified at trial and denied the voluntariness and truthfulness of the statements. Further, sufficient evidence to convict the defendants was provided by the testimony of the prosecutrix and other State witnesses. It is clear that in this case the co-defendants' statements did not add "substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination." The appellants have not shown that the trial court abused its *Page 612 
discretion in granting the State's motion to consolidate. Therefore, under Holsemback, supra, and authorities cited, the trial court's ruling on the matter must be upheld.
 II
The appellants argue that it was error to apply the jury striking system set out in the Alabama Rules of Criminal Procedure in this case.
They specifically argue that (1) the rule adopted by the Alabama Supreme Court seeks by effect to repeal a general law of statewide application; (2) that § 12-16-100, Code of Alabama 1975 was amended by the legislature in 1982 and thus changed the jury striking rule by general act of statewide application, thereby making Rule 15.4 (h) inappropriate to apply in this case; and (3) the enforcement of the rule allowed the State to use its pre-emptory challenges to exclude all potential black jurors.
 (A) "Rule 15.4 (h) provides that when defendants are tried jointly, in selecting the jury, the `district attorney shall strike first, and shall strike one (1) name from the list, then one (1) defendant shall strike one (1) name from the list; then the district attorney shall strike one (1) more name from the list.' The rule makes it clear that the parties shall strike in a definite order; first the State, then one defendant, then the State, then the second defendant. . . A law changing the number of jury strikes in a criminal case is procedural and does not affect matters of substance. Haynes v. State, 424 So.2d 669, 670-72 (Ala.Cr.App. 1982), cited as proper authority in Ex parte Cofer, 440 So.2d 1121 (Ala. 1983). See also Opinion of the Justices No. 229, 342 So.2d 361, 362 (Ala. 1977), holding that the `method of selecting juries in criminal cases, . . . is within the rulemaking power of the Supreme Court of Alabama as granted by the Constitutional provision quoted (Amendment 328, Section 6.11).'"
Holsemback v. State, supra at 1377.
The rule followed in this case is a valid constitutional exercise of the rulemaking authority of the Supreme Court of Alabama.
 (B)
The second argument advanced by the appellants is without merit. Although § 12-16-100 changed the jury strike rule, it did not effect the rule applied in this case. Rule 15.4 (h) applies to cases where there has been a joinder of defendants for a single trial. A careful reading of the statute reveals that § 12-16-100 did not change the jury strike rule as applied to consolidated cases with multiple defendants.
 (C)
Appellants' third argument is likewise without merit.
"In Swain v. Alabama, 380 U.S. 202 [85 S.Ct. 824,13 L.Ed.2d 759] (1965), the Supreme Court recognized that a defendant's constitutional rights might be violated if there existed a pattern of deliberate and continued exclusion of blacks from juries by the State. However, the court also observed that a defendant bears a heavy burden in attempting to demonstrate systematic discrimination of constitutionally significant magnitude." Dewhart v. State, 455 So.2d 167 (Ala.Crim.App. 1984).
This heavy burden of proving racial discrimination in the makeup of the jury by systematic exclusion is on the defendant and purposeful discrimination may not be assumed or merely asserted, it must be proven. See Dewhart, supra; Williams v.State, 375 So.2d 1257 (Ala.Crim.App.), cert. denied,375 So.2d 1271 (Ala. 1979); Beecher v. State, 56 Ala. App. 212,320 So.2d 716 (1974), cert. denied, 294 Ala. 752, 320 So.2d 726 (1975). The appellants have failed to meet this burden in this cause by showing that the State impermissibly used the system set out in Rule 15.4 (h) to systematically exclude blacks from the jury. *Page 613 
 III
The appellants argue that the trial court erred in admitting their statements. They argue that such statements were involuntary and coerced.
Officer Gwin testified that upon the arrest of each defendant they were read their Miranda rights. Each defendant elected to waive those rights. Gwin stated that neither he nor anyone in his presence threatened, forced, intimidated, coerced, or induced the appellants into making a statement, nor were they promised any benefits to give such statements. Each defendant was again read his Miranda rights prior to questioning and each elected to waive those rights.
The appellants testified that they were forced to make their statements because of threats, accusations and actions by the arresting officers and others. They stated that they were called names and subjected to an officer pointing an unloaded pistol at them and pulling the trigger several times. They stated that Gwin produced a pistol during the taking of the statements and that he further instructed them to answer his questions the way he wanted.
When the evidence on the circumstances surrounding the appellants' confession is conflicting on voir dire, the trial judge must first determine its admissibility. If admitted, then the controverted testimony for the defendant goes to the jury on the confession's credibility. Where the trial judge finds on conflicting evidence that the confession was voluntarily made, its finding will not be disturbed on appeal unless found to be manifestly contrary to the great weight of the evidence. Harrisv. State, 420 So.2d 812 (Ala.Crim.App. 1982); Myers v. State,401 So.2d 288 (Ala.Crim.App. 1981); Balentine v. State,339 So.2d 1063 (Ala.Crim.App.), cert. denied, 339 So.2d 1070 (Ala. 1976).
Further, this court has held that where testimony of an officer showed that the defendant was read his rights, stated that he understood those rights and that he was not being threatened, coerced, nor promised anything to secure his statement, indicated that he wanted to talk, and made a tape recorded statement, this testimony was sufficient to sustain a finding that the defendant's statement was, in fact, voluntary even though the defendant contended that he was threatened. SeeSales v. State, 432 So.2d 560 (Ala.Crim.App. 1983).
In this cause such a determination by the trial court was not error and the statements in question were properly admitted into evidence as being freely and voluntarily made.
 IV
The appellants argue that the trial court erred in admitting into evidence the pistol and bullets recovered from defendant Sumpter and used in the commission of this offense. They specifically argue that a proper chain of custody was not shown by the State.
The general rule is that, to establish a sufficient predicate for the admission into evidence of an item, it must be shown that there was no break in the chain of custody. Whetstone v.State, 407 So.2d 854 (Ala.Crim.App. 1981). However, it is not necessary to prove to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object at the commencement of the chain. Sexton v. State, 346 So.2d 1177 (Ala.Crim.App. 1977).
Officer Gwin testified that he and Officer Tucker went to defendant Sumpter's home to arrest him. Sumpter took Tucker into his bedroom and pointed out where the pistol was located. Gwin stated that he and Tucker were standing in the hallway in front of Sumpter's bedroom, Gwin stepped into an adjacent room to speak with Sumpter's parents and Tucker stepped into Sumpter's bedroom. Tucker then came into the room where Gwin was and handed him the pistol containing one live shell and one fired shell.
Gwin identified the pistol at trial as being the one which Tucker handed him at Sumpter's home. The prosecutrix and her *Page 614 
husband identified the pistol as the one used in the commission of the offense at issue. Gwin further testified that the pistol was in substantially the same condition at trial as when it was recovered.
In this case a proper chain of custody was established and the trial court acted properly in admitting such into evidence.
 V
The appellants argue that there was insufficient evidence to support the jury's verdict of guilt of rape in the first degree.
The prosecutrix testified, in essence, that she was ordered to remove her clothes by the three defendants. Keenan and Brown held her husband at gunpoint on the couch. She was then ordered to lie on the floor and Sumpter raped her. She stated that Sumpter did, in fact, penetrate her. Sumpter later admitted penetration in his statement to police.
The prosecutrix's husband testified, in essence, that Keenan and Brown held a gun to his head while Sumpter forced his wife to lie on the floor nude. Sumpter then got on top of her and had his pants down.
Kenny Boykin testified that he came downstairs in his apartment and observed Sumpter "attempting to get down on top of the prosecutrix who was nude." (R. 372). Sumpter had on his shirt. Boykin observed her husband sitting on the couch. Keenan and Brown were on each side of the prosecutrix's husband and Brown was holding the gun.
Faye Ogletree testified that she worked for the Department of Forensic Sciences. She received the prosecutrix's rape kit from Officer Gwin. Her testing of this kit revealed the presence of seminal plasmas on the vaginal swabs.
 "In a rape prosecution it is not necessary to sustain a conviction that the testimony of the prosecutrix be corroborated, for the jury may convict on her evidence alone, though it may be corroborated, if it convinces the jury beyond a reasonable doubt that the accused is guilty. Barnett v. State, 83 Ala. 40, 3 So. 612; White v. State, 37 Ala. App. 448, 70 So.2d 287."
Williams v. State, 335 So.2d 249, 250 (Ala.Crim.App. 1976). See also, Watwood v. State, 389 So.2d 549 (Ala.Crim.App.), cert. denied, 389 So.2d 552 (Ala. 1980); Smith v. State,368 So.2d 298 (Ala.Crim.App. 1978), writ quashed, 368 So.2d 305 (Ala. 1979). Harris v. State, 333 So.2d 871 (Ala.Crim.App. 1976).
Although the defendants in this case each denied that any penetration occurred and each testified at trial that the prosecutrix was not forced to do anything, there was sufficient evidence to support the jury's verdict.
 VI
The appellants argue that the trial judge improperly sentenced them under § 13A-5-6 (a)(4), Code of Alabama 1975. This section serves as an enhancement as to punishment for Class A felonies which are committed while using or attempting to use a firearm or deadly weapon. The appellants argue that they should not have been sentenced pursuant to this provision because the pistol was not loaded at the time of the incident.
The evidence elicited at trial is in conflict as to whether or not the pistol was loaded. However, for the purposes of the statute in question we feel that, as the State points out in brief, it is immaterial whether or not the pistol was loaded during the commission of the offense. The definition of a deadly weapon does not require that a firearm be loaded at the time of the offense. See Lidge v. State, 419 So.2d 610
(Ala.Crim.App.), cert. denied, 419 So.2d 616 (Ala. 1982), and §13A-1-2, Code of Alabama 1975. The trial judge properly sentenced the appellants in this cause in accordance with the statute. See also, McCullough v. State, 451 So.2d 398
(Ala.Crim.App.), cert. denied, 451 So.2d 400 (Ala. 1984).
We have examined the record in this cause and find no errors therein. This *Page 615 
cause is, therefore, due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.