BOWEN, Presiding Judge.
Harvey Myron Edwards, the appellant, was convicted of sodomy in the second degree and was sentenced to 30 years’ imprisonment as a habitual felony offender. The appellant presents three issues on this direct appeal from that conviction.
I.
The appellant’s argument that the verdict of the jury is contrary to the great weight of the evidence is based on his contention that the victim, a 13-year-old mentally retarded male, is not credible. Where the State establishes a prima facie case, “the weight of the evidence [and] the credibility of the witnesses ... are for the jury and not for th[is] Court to determine.” Williams v. State, 50 Ala.App. 341, 342, 279 So.2d 145, 146 (1973). See also Reed v. State, 372 So.2d 872, 874 (Ala.Cr.App.1978), reversed on other grounds, 372 So.2d 876 (Ala.1979).
The victim testified to acts of anal and oral sodomy committed upon him by the appellant, his cousin. This “testimony alone established] a prima facie case of sodomy.” Patterson v. State, 455 So.2d 284 (Ala.Cr.App.1984). See also Jones v. State, 580 So.2d 97, 103 (Ala.Cr.App.1991). The victim in this case was less than 16 years old and was therefore incapable of consent. Ala. Code 1975, § 13A-6-70(c)(l).
Furthermore, contrary to the argument of the appellant, the verdict is supported by legally sufficient evidence. There was evidence that on May 13, 1992, a throat culture on the victim was “very positive” for gonorrhea (S.R. 9), and that the appellant tested negative for gonorrhea on May 28, 1992. However, while evidence that the victim has a sexually transmitted disease and the defendant does not is exculpatory, see Geeslin v. State, 505 So.2d 1242, 1244-45 (Ala.Cr.App.), reversed as to outcome, 505 So.2d 1246 (Ala.1986), that evidence is for the jury to consider along with the other evidence presented and is not, by itself, disposi-tive of the issue of the appellant’s guilt. See Perry v. State, 568 So.2d 873, 876 (Ala.Cr.App.1990) (finding evidence sufficient to support rape and sodomy convictions despite defendant’s argument that the fact that he suffered with gonorrhea, while the victim’s medical examination returned a negative test result for venereal disease demonstrated his innocence); Cole v. State, 443 So.2d 1386, 1387, 1389, 1390 (Ala.Cr.App.1983) (noting that there was evidence that victim had an infection on August 15 and that the defendant tested negative for venereal disease on August 18, but finding evidence sufficient to support defendant’s conviction for sodomy).
II.
The appellant argues that the document used to prove the appellant’s Louisiana conviction for purposes of enhancing his sentence under the Habitual Felony Offender Act was not properly certified.
Here, the documents of the appellant’s Louisiana conviction were certified by *1057 “Chandra S. Batiste, Deputy Clerk of Court & Recorder” of Ascension Parish, Louisiana. Supp.R. 22. The clerk of the court, Kermit Hart Bourque, certified that Ms. Batiste was “a duly qualified Deputy Clerk and Recorder in and for the 23rd Judicial District Court for ... [Ascension] Parish.” Supp.R. 18. Judge Guy Holdridge, “Judge of the 23rd Judicial District Court of the Parish of Ascension, Louisiana, ... certified] that Kermit Hart Bourque, who has signed the foregoing attestation, is the duly elected and qualified Clerk of Court of Ascension Parish, Louisiana, and the legal custodian of the records of said Parish, and that said signature is his genuine handwriting and that all his official acts as such Clerk are entitled to full faith and credit.” Supp.R. 18. The clerk, Kermit Hart Bourque, then certified that Judge Guy Hol-dridge was “the duly elected and qualified Judge of said court.” Supp.R. 18.
In our opinion, the evidence of the appellant’s Louisiana conviction was properly certified: the documents were certified as true and correct by a deputy clerk, the deputy clerk was certified as “duly qualified” by the clerk, the clerk was certified as “duly elected and qualified” by the judge, and the judge was certified as “duly elected and qualified” by the clerk.' Compare Randle v. State, 554 So.2d 1124, 1130 (Ala.Cr.App.1986) (document not properly certified where it was certified by deputy clerk but there was no certificate from judge that attestation was in due form), affirmed, 554 So.2d 1131 (Ala.1987).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.