McMILLAN, Judge.
This appeal arises out of the denial of the appellant’s Rule 20, Temp.A.R.Cr.P., petition.
In May 1975, the appellant was convicted in a jury trial of manslaughter in the first degree for the death of his wife, Betty Renfroe. This was a retrial, as this Court had overturned appellant’s original conviction by our decision in Renfroe v. State, 49 Ala.App. 713, 275 So.2d 692 (1973). Appellant subsequently appealed the second conviction to this Court, which affirmed the judgment of the trial court. Renfroe v. State, 382 So.2d 627 (Ala.Cr.App.1980), cert. denied, 382 So.2d 632 (Ala.1980). In May 1988, appellant filed the Rule 20 petition sub judice alleging that the prosecution had suppressed a memorandum that allegedly contained exculpatory material, in violation of the tenets of Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215 (1963). An evidentia-ry hearing was held on the merits of the appellant’s claim, after which the trial court denied his petition. This appeal follows.
The appellant argues that the prosecution unlawfully suppressed a memorandum *428 it received from the Alabama Bureau of Investigation (ABI), which named another suspect in the death of appellant’s wife. He therefore contends that the trial court erred by dismissing his petition. We do not agree.
The record indicates that, on October 21, 1974, Captain James A. David (now deceased), of the ABI, prepared a memorandum naming Earl Louie Daughtrey as- a suspect in the death of Betty Renfroe. This memorandum, together with the remainder of the ABI’s file on this case, was turned over to the Talladega district attorney’s office. This memorandum, however, was not given to appellant’s trial counsel.
The Honorable Lyndal Bolton, one of two attorneys representing the appellant at trial, testified during the evidentiary hearing that, with the exception of the last paragraph (wherein Captain Davis stated that he thought Daughtrey was a sex deviant), he was aware of all the matters discussed in Davis’s memorandum. Appellant’s other attorney, the Honorable Robert Rumsey, testified that he knew Daughtrey was a suspect in this case well before Captain Davis authored his memorandum. In fact, as the trial court noted in its order dismissing this petition, Bolton and Rumsey had made their own investigation of Daughtrey and knew a great deal more about him than Davis’s memorandum revealed.
“In order to establish a Brady violation, the appellant must prove: ‘(1) The prosecution’s suppression of evidence; (2) The favorable character of the suppressed evidence for the defense; (3) The materiality of the suppressed evidence.’ ” Knight v. State, 478 So.2d 332, 335 (Ala.Cr.App.1985) (citations omitted.)
“The term suppression ‘means nondisclosure of evidence that the prosecutor, and not the defense attorney, knew to be in existence.’ Ogden v. Wolff, 522 F.2d 816, 820 (8th Cir.1975). ‘The concept of “suppression” implies that the Government has information in its possession of which the defendant lacks knowledge and which the defendant would benefit from knowing.’ United States v. Natale, 526 F.2d 1160, 1170 (2d Cir.1975). ‘Evidence is not “suppressed” if the defendant either knew ... or should have known ... of the essential facts permitting him to take advantage of any exculpatory evidence.’ United States v. LeRoy, 687 F.2d 610, 618 (2nd Cir.1982). ‘There could be no suppression by the state of evidence already known and available to [the defendant] prior to trial.’ DeBerry v. Wolff, 513 F.2d 1336, 1340 (8th Cir.1975).”
Geeslin v. State, 505 So.2d 1242, 1244-45 (Ala.Cr.App.), rev’d, Ex parte Geeslin, 505 So.2d 1246 (Ala.1986).
Although the reversal of this Court’s decision in Geeslin was based upon a Brady violation, the facts upon which our Supreme Court’s holding was predicated are readily distinguishable from those of the present case. The Court in Ex parte Gees-lin, supra, found that the defendant was unaware of facts which should have led him to the discovery of the Brady material. Id. at 1248. In the case sub judice, it is clear that appellant’s trial counsel were cognizant of all of the information contained in Captain Davis’s memorandum. In fact, the record strongly suggests that trial counsel knew a great deal more about Daughtrey than did the prosecution. As the trial court noted in its order dismissing this petition, trial counsel even made an offer of proof as to what certain witnesses would say relative to Mr. Daughtrey.
Because the appellant was already in possession of the information contained in the memorandum, no “suppression” exists in the present case. Geeslin, supra; DeBerry v. Wolff, 513 F.2d 1336 (8th Cir.1975).
Appellant also appears to argue that Davis’s memorandum, by its very existence and not because of the information it contained, is exculpatory in that it proves that the ABI once considered Daughtrey to be a suspect in the death of the appellant’s wife. We do not believe that this document, if offered into evidence, would have “changed the result by creating a reasonable doubt where one did not otherwise exist.” Kennedy v. Alabama, 474 U.S. 975, 106 S.Ct. 340, 88 L.Ed.2d 325 (1985). The memoran *429 dum is therefore not material in the context of Brady. Id.
AFFIRMED.
All Judges concur.